In the Matter of the Claim of NIKIFOR BOCHKAREV, Respondent, against HENRY's LANDSCAPING SERVICE et al., Appellants. WORKMEN's COMPENSATION BOARD, Respondent.

Third Department, May 5, 1960.

Ralph S. Stowell for appellants.

Aronowitz, Weisberg & Kalvin for claimant-respondent.

Louis J. Lefkowitz, Attorney-General (Gilbert M. Landy and Roy Wiedersum of counsel), for Workmen's Compensation Board, respondent.

GIBSON, J. An employer and its insurance carrier appeal from a decision and award of the Workmen's Compensation Board.

The board found that claimant "was struck over the right eye by a piece of concrete he was breaking up". The accident is not disputed by appellants, who do, however, contest the finding that a condition later occurring and diagnosed as a cerebral thrombosis resulted from the accident.

Appellants' medical experts denied causation. An internist who had attended claimant, when asked as to causation, said that the opinion sought "should be given by a neurosurgeon or a neurologist " but when pressed for an answer said that " history-wise " there was " a good possibility " of causal relation. He conceded that he had neither made nor confirmed the diagnosis but had " accepted " it. A neurosurgeon who attended claimant but testified in response to a hypothetical question, felt that a relationship did exist, but the hypothetical question included references to the reports, including findings and impression, of a consultant, Dr. Simon. The effect to be given these reports is the basic issue upon this appeal.

It was stated that Dr. Simon was in Louisiana and the carrier was asked to " stipulate to accept " his reports and to stipulate that, if present, the doctor would testify in accordance therewith. The carrier declined to stipulate. The matter was not further pursued at that time except as claimant reserved the right to take Dr. Simon's testimony later, without the State, " if neces-sary ". The Referee found the weight of the evidence against the causal relation claimed. The claimant's application to the board for review stressed Dr. Simon's report as to causation and the carrier's memorandum in opposition asserted that Dr. Simon's reports were not before the board, but the subsequent decision of reversal in no way referred to or determined the legal issue thus presented. The reports are, however, printed in the record and the Attorney-General's brief in behalf of the board urges the probative force of Dr. Simon's opinion as to causal relation. Section 21 of the Workmen's Compensation Law in part provides that " it shall be presumed in the absence of substantial evidence to the contrary * * * 5. That the contents of medical and surgical reports introduced in evidence by claimants for compensation shall constitute prima facie evidence of fact as to the matter contained therein." The testimony of appellants' experts in contradiction of Dr. Simon's conclusion cannot be accounted less than substantial evidence. " The presumption, therefore, failed, and the burden * * * fell back upon the claimant. The purpose of the statute is easily perceived. Not infrequently the carrier does not wish to contest the extent or nature of the injuries. In such circumstances, the claimant is permitted to make out his case in the first instance

by a verified report. If, however, the carrier disputes the injury and produces substantial evidence that the report is wrong, the case ceases to be one for presumptions, and becomes a case for proof." (*Matter of Magna* v. *Hegeman Harris Co.*, 258 N. Y. 82, 84, per CARDOZO, Ch. J.; and see decisions and records on appeal in *Matter of Noble* v. *Nicholson & Galloway*, 271 App. Div. 940, and *Matter of Walters* v. *Goldberger-Raabin Co.*, 236 App. Div. 867.) Although presumably cognizant of this long-standing interpretation, the Legislature did not act regarding it although later amending subdivision 5 so as to dispense with the requirement of verification (L. 1946, ch. 268).

Respondent board urges, however, that irrespective of Dr. Simon's reports, the evidence of the two physicians who testified for claimant was substantial and requires that we affirm. The difficulty with this theory is that in the present state of the record and of the board's decision it cannot be determined whether or not the board considered that Dr. Simon's reports were properly before it and, if so, whether it gave preponderant effect to his opinion of causation, so that, without it, the preponderance of evidence would have been found against the causal relation asserted. The substantial evidence test is that to which we are limited upon review and not that to be applied by the board, which must, of course, weigh the evidence. The difficulty to which we have referred in this case is compounded by the board's finding, not of a preponderance of evidence, but merely of " substantial credible evidence " of causal relation. (Cf. *Matter of Bosco* v. *General Electric Co.*, 3 A D 2d 781, 782.)

The decision and award should be reversed, with costs to appellants against the Workmen's Compensation Board and the matter remitted to the board for further proceedings.

BERGAN, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Decision and award reversed, with costs to the appellants against the Workmen's Compensation Board, and matter remitted to the board for further proceedings.