OPINION OF THE COURT
Rose L. Rubin, J.
Defendant Sidney Rosenberg, charged together with seven codefendants, with the crimes of combination in restraint of trade and competition in violation of sections 340 and 341 of the General Business Law, as a felony, of combination in restraint of trade and competition as a misdemeanor, of conspiracy in the second degree, and of grand larceny in the first degree, moves pretrial in an omnibus motion for various relief. The People oppose in their answering affirmation and have filed a memorandum of law.
The first branch of defendant’s motion seeks a dismissal of the first and second counts of the indictment on the grounds that they fail to set forth facts constituting the crime charged therein. In his affirmation in support of the motion, defense counsel contends, first, that the crimes charged are conspiracies and that no overt acts are alleged in furtherance of the conspiracy; second, that the charges are time-barred. These contentions are without merit.
Section 340 of the General Business Law defines the crimes charged in the first two counts, in pertinent part, as follows: "Every contract, agreement, arrangement or combination whereby * * * Competition or the free exercise of any activity in the conduct of any business, trade or commerce or in the furnishing of any service in this state is or may be restrained * * * is hereby declared to be against public policy, illegal and void.”
*967 It is charged that the defendant, codefendants and named unindicted coconspirators, entered into a combination arrangement and conspiracy in unreasonable restraint of competition, to set the combinations of postage stamps dispensed as "vends” from stamp vending machines, to fix, raise and stabilize the prices of particular combinations of postage stamp "vends,” to allocate stamp machine locations among association members, to restrain association members from competing for stamp machine locations of other members and to fix the commissions paid by association members for their use of stamp machine locations.
Under the statute, the alleged agreement to restrain trade is an element of the substantive crime charged. Therefore, the crimes charged under the first two counts are distinguishable from the crime of conspiracy as charged in the third count. Unlike that crime, the crime defined by section 340 of the General Business Law requires no overt act for its commission.
Section 341 of the General Business Law provides, both prior and subsequent to the amendment of 1975, a three-year Statute of Limitations. The first count of the indictment alleges a continuing combination in restraint of trade from December 1, 1969 through May 20, 1977, the date of the filing of this indictment. The second count alleges a continuing combination in restraint of trade from December 1, 1969 to June 30, 1975. In the case of a continuing offense, it is the termination date, not the starting date, which governs the application of the Statute of Limitations (People v Fletcher Gravel Co., 82 Misc 2d 22; People v Kirk, 62 Misc 2d 1078). Thus, this indictment is timely filed within the provisions of section 341 of the General Business Law. Defendant’s motion to dismiss counts one and two is denied.
The second branch of defendant’s motion seeks dismissal of the first count of the indictment on the ground that a prosecution thereunder would violate constitutional ex post facto safeguards.
Prior to July 1, 1975, the illegal acts with which the defendant is charged constituted a class A misdemeanor. Effective July 1, 1975, these acts became a class E felony. The defense contends that charging the defendant with the commission of a felony by a continuing course of conduct from December 1, 1969 to the date of the filing of this indictment is ex post facto in that it charges him with a felony for a crime *968 which was a misdemeanor when he is alleged to have committed it.
The gravamen of the offense here, as in the crime of conspiracy, is a continuing agreement. It is appropriate, therefore, to analagise from the law which controls in conspiracy cases. A statute increasing the penalty for conspiracy to commit a crime is not an ex post facto law as to a conspiracy which was commenced before the effective date of the statute but was continued by overt acts after its effective date. (United States v Goldberger, 197 F2d 330, cert den 344 US 833; Huff v United States, 192 F2d 911, cert den 342 US 946; Leyvas v United States, 371 F2d 714; United States v Ogull, 149 F Supp 272.)
In Ogull (supra, p 274) the court defined the basic principles: "It is well established that a statute which increases a penalty with respect to a conspiracy which commenced prior to but was carried on and continued beyond the effective date of the new act does not violate the constitutional prohibition against ex post facto laws. This is because the concept of conspiracy is that of a continuing crime; hence the new statute applies with respect to criminal acts accomplished after its effective date. Furthermore, once membership in a conspiracy is proved, there is a presumption that membership continues unless there is affirmative evidence of withdrawal.”
Defendant’s motion to dismiss on this ground is denied.