JAMES RAFFERTY, Petitioner, v THADDEUS OWENS, as Justice of the Supreme Court, County of Richmond, et al., Respondents.

Second Department, September 8, 1981

APPEARANCES OF COUNSEL

*Behrins Lemole McCarthy & Peter J. Napolitano, P.C. (Paul A. Lemole* of counsel), for petitioner.

*Thomas R. Sullivan, District Attorney (Joseph O'Shea* of counsel), respondent *pro se.*

OPINION OF THE COURT

MOLLEN, P. J.

In this proceeding, the petitioner seeks a writ of prohibition to prevent a second trial of the Richmond County indictment pending against him. His first trial ended with a not guilty verdict on one count of the indictment and jury disagreement as to the remaining two counts. The petitioner's position here is, *inter alia,* that his motion for a trial order of dismissal should have been granted because the evidence presented at his trial was legally insufficient to sustain a criminal conviction. He contends that, as a result, a retrial on the unresolved counts would violate his

constitutional right against double jeopardy. The novel issue presented is whether this court must at this time reach the merits of the petitioner's claim by reviewing the record of his trial and assessing the legal sufficiency of the evidence presented against him.

In a three-count indictment, the petitioner was accused of intentional murder, felony murder and sexual abuse. The charges arose out of the mutilation slaying of a 16-year-old girl on Staten Island. Trial was held and, following the close of the evidence and the denial of the petitioner's application for a trial order of dismissal, the case went to the jury, which then deliberated for some 18 hours over a three-day period. In the course of their deliberations, the jurors submitted several requests to the court, each of which was dealt with in a manner that provoked no defense objection. On the afternoon of their second day of deliberations, the jurors informed the court that they were "in no way reconcilable". The court nevertheless encouraged them to continue their deliberations, noting the importance of their reaching a verdict if possible. Again the defendant voiced no objection. Deliberations resumed and, before retiring for the night, the jury informed the court that "[t]here has been movement". The foreman, however, cautioned, "I don't think we will move any further." Some movement apparently did occur for, after further deliberation the following day, the court received a note which said, "the jury reached a decision on count one, not guilty, but we are deadlocked on count[s] two and three." Without objection, the court accepted the partial verdict, acquitting the defendant of intentional murder, and declared a mistrial as to the second and third counts of the indictment. The jury was thereupon discharged and the petitioner subsequently instituted this proceeding to prohibit a retrial.

At the outset, we reject the petitioner's belated claim, made for the first time here, that the trial court erred in declaring a mistrial. With the court's entirely proper encouragement, the jurors engaged in lengthy deliberations and, after an initial announcement of irreconcilability, they managed to agree on one of the three charges submitted to them. In the circumstances of this case, we find that

the court acted well within its discretion in accepting the partial verdict and in then discharging the jury which had finally declared itself deadlocked. (See CPL 310.60, 310.70; cf. *People v Presley,* 22 AD2d 151, 154, affd 16 NY2d 738.)

We turn then to the question of whether, in this CPLR article 78 proceeding, the petitioner may obtain a review of the record of his trial and a determination of the legal sufficiency of the prosecution's evidence. As earlier noted, he contends that his constitutional right against double jeopardy would be violated by a second trial because the People failed to produce legally sufficient evidence at the first trial. In essence, he seeks to carve out a new exception to the general rule that the double jeopardy clause is not offended by a second trial following the inability of the first jury to agree on a verdict. (See, e.g., *United States v Perez,* 9 Wheat [22 US] 579; *Logan v United States,* 144 US 263; see, also, *Lee v United States,* 432 US 23, 30; *United States v Scott,* 437 US 82, 92-93.)

It is certainly true that considerations of double jeopardy will bar a second attempt by the People to adduce legally sufficient evidence of guilt after they have been unsuccessful in one full and fair opportunity to do so. (See, e.g., *Burks v United States,* 437 US 1, 11; *Green v United States,* 355 US 184.) It is equally true that a writ of prohibition may issue to prevent a retrial which would violate a defendant's double jeopardy rights. (See, e.g., *Matter of Abraham v Justices of N.Y. Supreme Ct. of Bronx County,* 37 NY2d 560, 564; *Matter of Scranton v Supreme Ct. of State of N.Y.,* 36 NY2d 704.) Nevertheless, we reject the petitioner's suggestion that these principles in combination permit a defendant whose trial has ended in a mistrial to obtain appellate review of the sufficiency of the evidence through a CPLR article 78 proceeding.

Although petitioner's argument is framed in terms of double jeopardy, its connection to that constitutional doctrine is at best derivative. Considerations of double jeopardy in this case would not arise unless we were to review the record of the petitioner's trial and conclude that the prosecution's evidence was in fact legally insufficient. Hence, the petitioner is not actually seeking a ruling involving double jeopardy in the first instance. Rather, he

is attempting to appeal from an adverse interlocutory ruling on evidentiary sufficiency, viz., the denial of his application for a trial order of dismissal. (See *United States v Carnes,* 618 F2d 68, cert den 447 US 929; *United States v Solano,* 605 F2d 1141, 1143.) The law of this State, however, does not authorize appeals from interlocutory rulings in criminal cases (see CPL art 450) and thus the petitioner would appear to be precluded from obtaining the review he seeks at the present procedural posture of the case.

We recognize that, arguably, it is somewhat anomalous to draw a distinction in this regard between a convicted defendant and one whose trial is aborted by a jury deadlock. (See *United States v Becton,* 632 F2d 1294.) If the prosecution fails in one full and fair attempt to adduce legally sufficient evidence of guilt, a defendant ideally should forever be relieved of the onus and anxiety of the criminal charge. (See *Green v United States,* 355 US 184, *supra.*) A defendant who is convicted notwithstanding the legal insufficiency of the evidence presented against him may obtain such relief through prompt appellate review. (See CPL 450.10, 470.20, subd 2.) Why, then, should the same defendant be deprived of such immediate relief and be compelled to undergo a second trial simply because, instead of being convicted, he has managed to convince some but not all of the jurors of the insufficiency of the evidence? The answer lies in what we deem to be an appropriate balance between the rights of a defendant and the requirements of the orderly procedure designed to protect those rights.

A writ of prohibition is an extraordinary remedy available in very limited instances and only where there is both a clear legal right and no adequate remedy at law. (See *Matter of State of New York v King,* 36 NY2d 59, 62; *Matter of Dondi v Jones,* 40 NY2d 8, 13.) Plainly, the petitioner at this stage has no clear legal right to appellate review of the sufficiency of the trial evidence. The right to appeal is purely statutory (see, e.g., *Matter of State of New York v King, supra,* p 63; *People v Zerillo,* 200 NY 443, 446) and, in this State, it is contemplated that appellate review of the sufficiency of evidence shall be available only on a direct appeal from a final judgment of conviction. (See CPL art

450; see, also, *Matter of Nigrone v Murtagh,* 36 NY2d 421, 426; cf. *United States v Wilkinson,* 601 F2d 791.) Moreover, the petitioner has an adequate remedy at law since, in the event he is convicted after a second trial, he may raise on direct appeal the question of the sufficiency of the evidence presented at the first. (See *United States v Wilkinson, supra; United States v Becton,* 632 F2d 1294, *supra.)*

Additionally, we think it significant that the sufficiency of the prosecution's evidence has not escaped all judicial review. In denying petitioner's application for a trial order of dismissal, the trial court necessarily found that evidence to be legally sufficient. Although that ruling is not conclusive of the issue, it is presumptively valid and ought to be given some weight in the context of the issue at bar.

Finally, we cannot be unmindful of the broader implications of granting to the petitioner the review he requests. Virtually every defendant seeks dismissal of his case prior to the submission of the charges for jury consideration. Thus, were we now to review the petitioner's trial record as he asks, we would likely be confronted with a similar request in each case which ends in a mistrial. As a result, the rather long and arduous process of full appellate review would be conducted in many cases while defendants remain in a sort of limbo, neither convicted nor acquitted of the pending charges. (See *Matter of State of New York v King,* 36 NY2d 59, 63-64, *supra.)* The issuance of a writ of prohibition is largely discretionary (see *Matter of Auer v Smith,* 77 AD2d 172, 180, app dsmd 52 NY2d 1070) and we think it unjustified in these circumstances to burden the judicial process with a lengthy collateral proceeding. (See *La Rocca v Lane,* 37 NY2d 575.) Instead we find it appropriate to require a prompt trial-level determination of guilt or innocence.

Accordingly, we decline at this stage of the criminal proceedings to afford the petitioner the review he seeks. He may challenge the legal sufficiency of the evidence presented at his first trial only in the event that he is convicted after a second trial.

The petition should therefore be dismissed.

TITONE, MANGANO, THOMPSON and BRACKEN, JJ., concur.

Proceeding dismissed, without costs or disbursements.