■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAYNAUTH PERSAUD, Appellant.—Judgment of the County Court, Nassau County (Thorp, J.), rendered October 13, 1981, affirmed (see, People v Pellegrino, 60 NY2d 636; People v Harris, 61 NY2d 9; People v Kazepis, 101 AD2d 816). Mollen, P. J., Gibbons, Brown, Niehoff and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PRISTELLO, Appellant.—Judgment of the Supreme Court, Queens County (Sherman, J.), rendered September 25, 1984, affirmed (see, People v Pellegrino, 60 NY2d 636; People v Harris, 61 NY2d 9; People v Kazepis, 101 AD2d 816). Lazer, J. P., Thompson, O'Connor, Rubin and Kunzeman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY RIVERS, Appellant.—Appeal by defendant from three judgments of the Supreme Court, Kings County (Lombardo, J.), all rendered October 28, 1982, convicting him of robbery in the first degree (two counts) and criminal possession of a weapon in the third degree, upon his pleas of guilty, and imposing sentences.

Judgments affirmed.

Defendant's trial counsel conceded at the oral argument of defendant's motion for a Payton hearing that defendant did not live in the apartment in which he was arrested. Defendant made no showing of any circumstances surrounding his alleged presence at that apartment which would give rise to a reasonable expectation of privacy therein (see, People v Ponder, 54 NY2d 160, 166; People v Van Buren, 87 AD2d 900, 901). His motion for a Payton hearing was therefore properly denied (see, CPL 710.60 [3]).

Defendant's subsequent attempt to persuade a different Judge to conduct a Payton inquiry during the course of a Huntley hearing was properly rejected. The Judge who originally denied defendant's motion was still available and defendant declined the court's offers for a recess of the Huntley hearing to permit defendant to move for reargument or renewal before that Judge.

We have examined defendant's other contentions and find them to be without merit. Gibbons, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.