■ In the Matter of RAYMOND AGNEW, Petitioner, v HAROLD ROTHWAX et al., Respondents.—CPLR article 78 petition, in the nature of a writ of prohibition, dated May 21, 1986, is unanimously granted, without costs, the order of the Supreme Court, New York County (Harold Rothwax, J.), dated April 11, 1986, is vacated as being made in excess of the court's jurisdiction, the plea taken before Judge Alvin Schlesinger by the defendant Agnew on April 9, 1986 is declared to be valid, and the matter is remanded for execution of the sentence imposed on May 19, 1986.

The petitioner was arraigned in Criminal Court and charged with grand larceny in the second degree on April 25, 1985. He is a compulsive gambler and seems to have taken from his

employer some $120,000 over a period of some six years. Judge Schlesinger, on April 9, 1986, accepted a plea to 41 counts of grand larceny in the second degree and nine counts of grand larceny in the third degree, and on May 19th sentenced the defendant to five years' probation, with a condition that the defendant continue with Gamblers' Anonymous, turn over the assets, which are not substantial, held in his 401K account to his employer, with a further condition that he will pay his employer the sum of $50 a week, and if he earns in excess of $375 a week, a 20% of the gross amount, all to reduce his indebtedness due to his defalcation.

As part of the plea bargain, the defendant waived his CPL 30.30 speedy trial contention.

Judge Rothwax, the Calendar Judge, considered the plea too lenient, took the position that he had referred the matter to Judge Schlesinger solely for trial, denied the CPL 30.30 motion, and on April 11th vacated the plea. He then sent the matter for trial to Judge Richard Carruthers.

Judge Rothwax further contends that because he had the file on the day of the plea, the matter was never really before Judge Schlesinger and the plea was a nullity.

An interim stay was granted of all proceedings pending determination of the writ of prohibition by Justice Joseph Sullivan of this court. Judge Carruthers has submitted that he is prepared, pursuant to this court's order, to either try the case or send the file back to Judge Schlesinger for further proceedings on the plea entered before him.

This is an unseemly dispute as to jurisdiction, where Judges of coordinate jurisdiction are concerned. While Judge Rothwax contends that the matter had not been submitted to Judge Schlesinger except possibly for actual trial, once the matter was before Judge Schlesinger, it was subject to his jurisdiction, and the respondent Rothwax lacked the authority to vacate a plea entered before Judge Schlesinger.

A criminal proceeding is not a game, and a defendant is not a ping pong ball to be swatted back and forth. Although not in a game, the Judges must still be team players cognizant of the needs of the system and the rights of the parties.

Judge Schlesinger did not reach out for the matter. It came to him in the normal course, and once in his court, he was obligated to proceed. He accepted a plea satisfactory to the People and to the defendant. While it is not germane to the conclusion, it was not an inordinate plea. A Calendar Judge has no umbilical cord to all matters that he assigns.

This was more than an error of law in the pending criminal action. *(See, Matter of Veloz v Rothwax,* 65 NY2d 902.) The criminal proceeding was in process with the taking of the plea, and vacating it by a Judge of coordinate jurisdiction was ultra vires. *(Cf. People v Douglass,* 60 NY2d 194; *Matter of Morgenthau v Gold,* 117 AD2d 386 [1st Dept 1986].)

It was not contended that the sentence was illegal, merely improvident, and there was no inherent power, absent the consent of the defendant, for the Administrative Judge to vacate the plea. *(See, Matter of Campbell v Pesce,* 60 NY2d 165.)  Concur—Kupferman, J. P., Sullivan, Asch, Fein and Wallach, JJ.