OPINION OF THE COURT
Harold J. Rothwax, J.
The defendants are before this court following rendition of a partial verdict on the indictment by a trial jury, which reached an impasse resulting in a mistrial as to the remaining counts. Of the original 51 counts contained in the indictment, 12 (Nos. 40-51) were severed by this court as involving only the defendant Leisner in a conspiracy exclusive of Marx and hence improperly joined (People v Ruiz, 130 Misc 2d 191, n, 193 [Sup Ct, NY County 1985]); and two were dismissed by this court for insufficiency of the evidence before the Grand Jury to establish the defendants’ complicity in burglary. In addition, prior to jury submission, the trial court dismissed two counts each of attempted grand larceny (Nos. 18, 32) and attempted coercion (Nos. 20, 34), apparently for legal insufficiency of the evidence at trial, and withdrew 18 counts, evenly divided between attempted grand larceny and coercion based upon the theory of damage to property (Penal Law former § 155.40 [2] [b]; § 135.65 [1]), apparently in order to simplify the jury’s tasks of deliberation by limiting the charges to extortion and/or coercion by means of instilling fear of physical injury (Penal Law former § 155.40 [2] [a]; § 135.65 [1]). Fifteen counts were submitted to the jury, resulting in a verdict of guilty as to the first (a charge of conspiracy in the fourth degree), and a verdict of not guilty as to the second and fourth (attempted grand larceny and attempted coercion) counts. The jury was unable to agree on a verdict as to the remaining 12 counts and a mistrial was declared, without the defendant’s consent, after five days’ deliberation. The defendants have appealed the conspiracy conviction and the appeal is pending. The remaining counts are here for retrial.
The defendants have filed omnibus motions seeking to dismiss these counts on grounds that reprosecution is barred by statutory and constitutional principles of double jeopardy, and *1083 that the verdict was improvidently and improperly accepted. Leisner moves to dismiss four counts (Nos. 28, 30, 36, 38) as barred by the Statute of Limitations (CPL 30.10 [2] [b]), based upon testimony elicited at trial. These issues are resolved as follows. DOUBLE JEOPARDY
A genuinely deadlocked jury is the classic example of manifest necessity which justifies the declaration of a mistrial (e.g, Matter of Plummer v Rothwax, 63 NY2d 243, 249 [1984]). Nevertheless, the trial court has an obligation to ensure that the jury is truly deadlocked and that there is no reasonable likelihood of a verdict (supra, at 250-251). Here the trial lasted four weeks and included testimony of 26 witnesses. The jury deliberated, beginning on the evening of July 1, 1986 for several hours; for 12 hours on July 2; and 12 hours on July 3. During the deliberations on July 3, the jury declared that it was unable to reach a unanimous verdict on all counts, but that a partial verdict (on two counts) had been reached. The trial court instructed the jury to continue deliberation in an effort to resolve the remaining counts (CPL 310.70 [1] [b] [ii]). After almost 12 more hours of deliberation on July 4, the jury requested to retire for the evening due to exhaustion and the request was honored. Defendants’ motion for a mistrial was denied. After three hours of deliberation on July 5, the jury submitted a note to the court indicating that a verdict had been reached on three counts but that there were "irreconcilable differences on the remaining charges”. The trial court accepted this partial verdict without again inquiring whether further deliberation would be useful (CPL 310.70 [1] [a]).
This court finds that the trial court’s exercise of discretion in granting a mistrial as to the unresolved counts was proper. It is not the purpose of the Double Jeopardy Clause (US Const 5th Amend) to bring about the "eventual exhaustion [of jurors] to break deadlocks at the risk of unjust verdicts” (Matter of Plummer v Rothwax, supra, at 250). "[Ijnasmuch as the jury seemed genuinely to have reached a stalemate, it was reasonable for the trial court to avoid any coaxing, inducing or pressuring the jury to return for further deliberations [which] * * * could have proven coercive and prejudicial and might have resulted in the denial of a fair verdict” (supra, at 252-253). The facts here are essentially identical to those in Rafferty v Owens (82 AD2d 582 [2d Dept 1981]), where the jury *1084 declared itself deadlocked after two days of deliberation, the court nonetheless encouraged further effort, and the jury reached a partial verdict which the court accepted, without further comment, the following day. There the Appellate Division held that the court acted well within its discretion in accepting the partial verdict.
The defendants urge this court to review the trial record and to determine whether sufficient evidence was presented to establish the offenses as to which the jury was unable to agree, as a matter of law. The defendants posit that the evidence presented at trial was not legally sufficient to warrant conviction and thus that a retrial is barred by principles of double jeopardy. The court finds that this issue is not properly before it in the context of these proceedings.
In ruling on the defendants’ omnibus motion prior to trial, this court reviewed the Grand Jury minutes and found the evidence therein legally sufficient to sustain the coercion and extortion counts based on alternative theories of threatened injury to the property and/or persons of the tenants (see, People v Podolsky, 130 Misc 2d 987, 985 [Sup Ct, NY County 1985]). In reaching that determination, this court could not consider the quality of the evidence or weigh the credibility of the People’s witnesses, but was required to evaluate the evidence most favorably to the indictment as voted (People v Jennings, 69 NY2d 103, 114-115 [1986]). The defendants thus received the full benefit of all that the law requires (CPL 310.30, 210.20 [1] [b]).
The Trial Judge, at the conclusion of the People’s case, denied the defendants’ motion for a trial order of dismissal predicated on the alleged legal insufficiency of the evidence at trial to establish the counts ultimately submitted to the jury (CPL 290.10). The standard of review with regard to the trial evidence is the same as that applied to review evidence before the Grand Jury; that is, "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof’ (CPL 70.10 [1]; compare, People v Sabella, 35 NY2d 158, 167 [1974], with People v Jennings, supra, at 115). In neither instance is the reviewing court permitted to evaluate the weight of the evidence or to independently assess the existence, vel non, of reasonable doubt upon an evaluation of the credibility of witnesses (see, People v Carter, 63 NY2d 530, 536-537 [1984]; Matter of Holtzman v Bonomo, 93 AD2d 574 [2d Dept 1983]).
*1085 This review of the evidence pretrial (CPL 210.20 [1] [b]) and at the conclusion of the People’s case (CPL 290.10) suffices to ensure that the prosecution is not given a second opportunity to produce a prima facie case where they have once failed to do so (see, Burks v United States, 437 US 1 [1978]; Arizona v Washington, 434 US 497, 507 [1978]).
The defendants apparently rely upon the trial court’s action in submitting only representative counts to the jury as a new circumstance justifying a further evidentiary review. The trial court, to avoid placing an unduly heavy burden on the jury in its deliberation, decided to submit, as representative of the People’s case, only those counts of coercion and extortion predicated on a theory of a threatened injury to persons (CPL 300.40 [6] [b]). The defendants therefore urge this court to again review the Grand Jury minutes and trial testimony, asserting that the evidence is insufficient to support this limited theory of prosecution.
The court finds no statutory authority to review the trial evidence (CPL 210.30), and having once reviewed the Grand Jury minutes and sustained the counts in issue, adheres to the previous ruling. The evidence at trial is inapposite to such review. The trial court denied the motion for a trial order of dismissal. The trial evidence was thus determined to be legally sufficient. That ruling is the law of the case, and any application for modification thereof must be made to the justice who so ruled (People v Jennings, 69 NY2d 103, 114, supra; Matter of Agnew v Rothwax, 121 AD2d 906 [1st Dept 1986]; People v Rivers, 115 AD2d 570 [2d Dept 1985]).
In any event, principles embodied in the Double Jeopardy Clause prohibit, rather than promote, the review the defendants suggest. The defendants’ " 'valued right to have [their] trial completed by a particular tribunal’ ” has, of necessity, been compromised by the jury’s inability to agree upon a verdict (Arizona v Washington, supra, at 509). It must be recognized that the Double Jeopardy Clause also protects "society’s interest in giving the prosecutor one complete opportunity to convict those who have violated its laws” (supra, at 509). Since this court has no inherent authority to evaluate the weight of the evidence, but is limited to consideration of the legal sufficiency thereof, dismissal at this juncture would require a finding that no rational fact finder could infer guilt beyond a reasonable doubt from the evidence presented (People v Carter, 63 NY2d 530, 536-537, supra; cf., Tibbs v Florida, *1086 457 US 31, 40-43 [1982]). This finding would be equivalent, for double jeopardy purposes, to an acquittal after trial (Tibbs v Florida, supra, at 45, n 22). Where, as here, there is no verdict of guilty that could be reinstated in the event of a finding of error, such ruling would be beyond appellate review (Burks v United States, 437 US 1, supra; People v Brown, 40 NY2d 381, 391-393 [1976], cited with approval People v Carter, supra, at 537; People v Casiel, 41 NY2d 945 [1977]; see, Hudson v Louisiana, 450 US 40 [1981]). On the other hand, the defendants’ right to avoid repeated attempts by the prosecution to convict them is protected by the availability of appellate review (in the event of conviction after a second trial on the unresolved counts) of the sufficiency of the evidence at the first trial to justify submission of those counts to the jury (People v Tingue, 91 AD2d 166 [4th Dept 1983]; Rafferty v Owens, 82 AD2d 582, 586 [2d Dept 1981], supra). Therefore, the defendants’ claim of double jeopardy under these circumstances has been held not to be ripe for adjudication unless and until there has been a conviction upon one or more of the unresolved counts after a second trial (Rafferty v Owens, supra, at 584-586).
Nor does defendants’ conviction for conspiracy to commit the substantive crimes of larceny by extortion and coercion constitute a bar to reprosecution of the unresolved substantive charges. Insofar as the elements of conspiracy and of larceny and coercion are substantively different, constitutional double jeopardy is not offended (People v Prescott, 66 NY2d 216, 221 [1985]). There are explicit exceptions to the statutory double jeopardy provisions relevant under these circumstances. Subdivision (2) of CPL 310.70 provides that following the rendition of a partial verdict, a defendant may be retried for any submitted offense upon which the jury was unable to agree (with exceptions inapplicable here). Although conspiracy is an embracive crime such that separate prosecution for that offense might bar subsequent prosecution for inclusive substantive crimes (e.g., People v Abbamonte, 43 NY2d 74, 86 [1977]), where, as here, conspiracy and the included substantive crimes are contained in a single accusatory instrument "the nullified proceedings do not bar further prosecution of such offense[s] [as were pleaded] under the same accusatory instrument”. (CPL 40.30 [3]; see also, CPL 40.20 [1]; 40.30 [1].)
STATUTE OF LIMITATIONS
Defendant Leisner renews his motion to dismiss several *1087 (Nos. 28, 30, 36, 38) counts of the indictment as untimely within the applicable Statute of Limitations (CPL 30.10). In its prior ruling on this application this court noted: "In the case of continuing offenses, it is the termination date, not the starting date, which governs application of the statute (see, e.g., People v Rosenberg, 93 Misc 2d 965, 967 [Sup Ct, Queens County 1978]). The court’s determination in this regard is, of course, prima facie, as the issue of the continuity of the offenses and, consequently, the timeliness of prosecution in some instances, are matters of fact for the jury (see, e.g., People v Schwenk, 92 Misc 2d 331, 339-340 [Suffolk County Ct, 1977]).” (People v Podolsky, Sup Ct, NY County, Nov. 18, 1985.)
The defendant bases his motion for renewal upon trial testimony which he avers establishes that the offenses are time barred as a matter of law. This court declines to review the trial record to determine the legal sufficiency of evidence of timeliness, since that issue was properly before the Trial Judge (see, People v Jennings, 63 NY2d 103, 114 supra). Since this court has made a prima facie determination of timeliness based on the Grand Jury minutes, any factual conflict is for the trial jury to resolve. An interlocutory ruling by this court, based on evidence from a trial which ended without a verdict on the disputed counts, would prolong the adjudication of the merits without significantly increasing the protection against untimely prosecution available to the defendant in the form of a ruling from the trial court or jury verdict (compare, Rafferty v Owens, 82 AD2d 582, 585-586, supra).
For the foregoing reasons, defendants’ motions to dismiss the unresolved counts are denied. The indictment will be set down for retrial on the surviving counts.
[Portions of opinion omitted for purposes of publication.]