■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. MERGENTHALER, Appellant. [787 NYS2d 486]—

Lahtinen, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered October 21, 2002, upon a verdict convicting defendant of the crime of criminal contempt in the first degree.

A domestic dispute in March 2001 between defendant and his wife (hereinafter the victim) resulted in an April 2001 order of protection (entered on consent with no factual findings or admissions) directing defendant to stay away from the victim and her place of residence. Nevertheless, according to a statement given by the victim, defendant resumed living at the victim's residence with her countenance by the end of April 2001. On July 31, 2001, a dispute between defendant and the victim spilled out into the street, resulting in police being summoned and defendant ultimately being indicted on one count of criminal contempt in the first degree (*see* Penal Law § 215.51 [b] [v]). A jury was selected and sworn on June 11, 2002. The People, however, were unable to locate the victim at the time of the trial and, after granting short continuances, County Court declared a mistrial on June 17, 2002. The victim was located in July 2002 and, following a hearing, held as a material witness

(*see* CPL art 620). At the commencement of the ensuing trial in September 2002, defendant moved to dismiss on the ground that the trial violated double jeopardy. The motion was denied. When the People produced the victim as a witness, she invoked her 5th Amendment privilege, prompting the People to successfully move for permission to read her grand jury testimony. The victim was then granted immunity solely for the purpose of conducting cross-examination during which she recanted much of her grand jury testimony. Defendant was nevertheless found guilty and sentenced as a second felony offender to $1\frac{1}{2}$ to 3 years in prison. Defendant appeals.

We reverse. While defendant has raised several meritorious issues, we only need to address his double jeopardy argument. The constitutional protection against double jeopardy is implicated once a jury has been sworn (*see People v Baptiste*, 72 NY2d 356, 359 [1988]). When a defendant requests or consents to a mistrial, double jeopardy is generally not a bar to retrial unless "the prosecution deliberately provoke[d] a mistrial" (*Matter of Davis v Brown*, 87 NY2d 626, 630 [1996]). However, "[w]here a mistrial is granted without the consent or over the objection of a defendant, retrial is barred by double jeopardy protections unless there was manifest necessity for the mistrial or the ends of public justice would otherwise be defeated" (*People v Ferguson*, 67 NY2d 383, 388 [1986] [internal quotation marks omitted]; *see Matter of Enright v Siedlecki*, 59 NY2d 195, 199 [1983]; *People v Michael*, 48 NY2d 1, 9 [1979]). A mistrial resulting from the claimed unavailability of key prosecution evidence requires that such claim be "subjected to 'the strictest scrutiny' " (*Hall v Potoker*, 49 NY2d 501, 506 [1980], quoting *Arizona v Washington*, 434 US 497, 508 [1978]). Examples of cases meeting such standard include ones in which there was a showing that a witness was missing because of threats by the defendant or someone acting on behalf of the defendant (*see People v Paquette*, 31 NY2d 379, 380 [1972]; *People v Boneta*, 232 AD2d 573, 573 [1996], *lv denied* 89 NY2d 940 [1997]) or where the unavailability results from "an unforeseeable contingency not within the control of the People," such as a sudden illness (*Hall v Potoker, supra* at 506).

Here, although defendant initially moved for a mistrial at the June 2002 trial, he explicitly withdrew that motion well before County Court ultimately granted a mistrial and, accordingly, this was not a mistrial in which defendant consented (*see Matter of Davis v Brown, supra* at 630; *People v Catten*, 69 NY2d 547, 555 [1987]). No proof was offered indicating that defendant was involved in any fashion in the victim's unavailability in

June 2002. While the nature of the underlying charge certainly gives rise to such a concern, nothing was offered in such regard. Indeed, the record reflects that shortly after defendant's arrest, the victim became supportive of defendant's position and even retained an attorney in an effort to have all orders of protection rescinded. Nor can the victim's lack of cooperation be characterized as an unforeseeable contingency akin to a sudden serious illness. The District Attorney acknowledged that the victim was reluctant to testify before the grand jury and she attempted to minimize defendant's behavior at that early time in the proceedings. Thereafter, her conduct became obviously less cooperative and more supportive of defendant. Review of this record fails to reveal a reason for the victim's unavailability as a witness that satisfies the strict standard applicable when a double jeopardy issue is implicated. Defendant's motion at the commencement of the September 2002 trial to dismiss on double jeopardy grounds should have thus been granted.

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.