■ In the Matter of ANTHONY DiSIMONE, Petitioner, v LESTER B. ADLER et al., Respondents. [889 NYS2d 206]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition to bar the retrial of the petitioner in a criminal action entitled *People v DiSimone*, pending in the Supreme Court, Westchester County, under indictment No. 97-1782, on the ground that retrial would violate his constitutional right not to be twice placed in jeopardy for the same offense.

Adjudged that the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner failed to demonstrate a clear legal right to the extraordinary remedy of prohibition based on his contention that retrying him on Westchester County indictment No. 97-1782 would violate his constitutional right not to be twice placed

in jeopardy for the same offense (*see Matter of Holtzman v Goldman,* 71 NY2d 564, 569 [1988]). Generally, the constitutional protection against double jeopardy does not bar the retrial of a defendant who has obtained habeas corpus relief (*cf. United States v Tateo,* 377 US 463 [1964]; *cf. Matter of Suarez v Byrne,* 10 NY3d 523, 532-533 [2008], citing *United States v Ball,* 163 US 662, 671-672 [1896]). As relevant to the instant matter, an exception to the general rule exists where habeas corpus relief was obtained on the ground that the evidence was legally insufficient (*cf. United States v Tateo,* 377 US at 465; *People v Biggs,* 1 NY3d 225, 229 [2003]; *People v Kurtz,* 51 NY2d 380, 386 [1980], *cert denied* 451 US 911 [1981]). However, obtaining habeas corpus relief on a ground other than legal insufficiency is not a determination that the government failed to prove its case and it "implies nothing with respect to the guilt or innocence of the defendant" (*Burks v United States,* 437 US 1, 15 [1978]).

Here, after the first trial, the petitioner was acquitted of intentional murder and convicted of depraved indifference murder. Consequently, it is undisputed that he cannot be retried for intentional murder on double jeopardy grounds. However, with regard to his conviction for depraved indifference murder, the United States Court of Appeals for the Second Circuit affirmed only so much of the District Court's order as granted habeas corpus relief vacating the petitioner's conviction for depraved indifference murder due to a *Brady* violation (*see Brady v Maryland,* 373 US 83 [1963]), not upon a determination that the evidence was legally insufficient (*see DiSimone v Phillips,* 518 F3d 124, 126 [2008]). Although the District Court also barred retrial on double jeopardy grounds, the United States Court of Appeals for the Second Circuit vacated that portion of the District Court's order. In this regard, the United States Court of Appeals for the Second Circuit determined that the District Court had exceeded its authority and expressly stated that "the grant of habeas corpus relief vacating DiSimone's conviction was not predicated on a ground that inevitably precludes retrial. It was grounded on the State's failure to turn over exculpatory evidence in violation of *Brady*. A *Brady* violation . . . is remediable upon a future trial" (*DiSimone v Phillips,* 518 F3d at 127-128). Therefore, the retrial of the petitioner for depraved indifference murder would not violate the constitutional prohibition against double jeopardy.

With respect to the petitioner's remaining claims, the remedy of prohibition is not available to obtain appellate review of the legal sufficiency of evidence (*see Rafferty v Owens,* 82 AD2d 582, 585 [1981]). In the event he is convicted after a second trial, the

petitioner has an adequate remedy at law since he can raise on direct appeal the issue of the sufficiency of the evidence (*see Rafferty v Owens,* 82 AD2d at 585; *see also La Rocca v Lane,* 37 NY2d 575, 579 [1975], *cert denied* 424 US 968 [1976]; *Matter of State of New York v King,* 36 NY2d 59, 62 [1975]). Skelos, J.P., Florio, Balkin and Leventhal, JJ., concur.