■ In the Matter of MICHAEL HOFFLER, Petitioner, v ROBERT M. JACON, as Judge of the County Court of Rensselaer County, Respondent, and CHRISTOPHER J. BELLING, as Special Prosecutor, Respondent. [897 NYS2d 755]—

Stein, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondents from trying petitioner in the County Court of Rensselaer County on an indictment charging him with murder in the first degree and murder in the second degree.

Following a jury trial, petitioner was convicted of murder in the first degree and was sentenced to a prison term of life without parole. On direct appeal to this Court, petitioner argued, among other things, that the evidence was legally insufficient to support the conviction, the verdict was against the weight of the evidence and the conviction should be reversed because the prospective jurors were not properly sworn. Ultimately, this Court reversed on the law and remitted the matter to County Court for a new trial based on our finding that the prospective jurors had not been properly sworn to truthfully answer the questions posed to them regarding their qualifications to serve as jurors (*People v Hoffler*, 53 AD3d 116,

120-124 [2008], *lv denied* 11 NY3d 832 [2008]). In so doing, we determined that the failure to administer this oath to the jurors constituted a fundamental defect in the proceedings, rendering the trial a nullity (*id.*).

Respondent County Judge of Rensselaer County was assigned to preside over the retrial of the indictment against petitioner and respondent Christopher J. Belling (hereinafter respondent) was appointed as a Special Prosecutor to prosecute the case. Petitioner moved to dismiss the remaining counts of the indictment that charged him with the crimes of murder in the first degree and murder in the second degree[1] on the ground that retrial would violate his statutory and constitutional double jeopardy rights. Upon the denial of the motion, petitioner commenced the instant CPLR article 78 proceeding seeking a writ of prohibition to prevent respondents from trying him on the remaining counts.[2] Because we now conclude that, under the particular circumstances of this case, petitioner has not demonstrated a clear legal right to such relief, the petition must be dismissed.

Preliminarily, we note that a CPLR article 78 proceeding seeking a writ of prohibition is a proper mechanism to raise a claim that retrial is barred by double jeopardy principles (*see Matter of Di Lorenzo v Murtagh*, 36 NY2d 306, 309-310 [1975]; *Matter of Stewart v Hartnett*, 34 AD3d 1134, 1136 [2006], *appeal dismissed* 8 NY3d 936 [2007]). Nonetheless, a petitioner must "demonstrate a clear right to [such] extraordinary remedy" (*Matter of Baim v Eidens*, 279 AD2d 787, 789 [2001]) and the absence of an adequate remedy at law (*see Matter of Newfield Cent. School Dist. v New York State Div. of Human Rights*, 66 AD3d 1314, 1315 [2009]; *Rafferty v Owens*, 82 AD2d 582, 585 [1981]; *see also Matter of Whitehead v Vizzie*, 223 AD2d 938 [1996]). The Double Jeopardy Clause protects against repeated prosecutions for the same criminal offense after an acquittal or a conviction (*see* US Const 5th, 14th Amends; NY Const, art I, § 6; CPL 40.20 *et seq.*; *People v Gonzalez*, 99 NY2d 76, 82 [2002]). As relevant here, under New York's statutory double jeopardy scheme, a person is considered to have been "prosecuted" on an offense after the action proceeds to trial and the jury has been impaneled and sworn (CPL 40.30 [1] [b]). Thus, in a trial on an

---

**1.** Prior to trial, County Court (McGrath, J.) had dismissed, with prejudice, one count of murder in the first degree and one count of conspiracy to commit murder.

**2.** The County Judge has indicated his intention not to appear in this proceeding and the Attorney General's office has chosen not to intervene pursuant to Executive Law § 71 and CPLR 1012 (b) (1).

indictment, the constitutional protection against double jeopardy is not implicated—and jeopardy does not attach—in the absence of a duly impaneled and sworn jury (*see Matter of Rivera v Firetog*, 11 NY3d 501, 506 [2008], *cert denied* 556 US —, 129 S Ct 2012 [2009]; *People v Mergenthaler*, 13 AD3d 984, 985 [2004]).

Here, because it has been established that the jury was never properly sworn pursuant to CPL 270.15 (1) (a) and that such failure "invalidated the entire trial" (*People v Hoffler*, 53 AD3d at 124), the trial was a nullity and petitioner was never "prosecuted" under the indictment (*see* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 40.30, at 62; *Matter of Cummings v Koppell*, 212 AD2d 11, 14 [1995], *lv denied* 86 NY2d 702 [1995]; *see also Matter of Cunningham v Dwyer*, 302 AD2d 888, 889 [2003], *appeal dismissed* 99 NY2d 649 [2003]). Consequently, petitioner was never placed in jeopardy even though the trial proceeded to its conclusion (*see* CPL 40.30 [3]; *Matter of Stewart v Hartnett*, 34 AD3d at 1136; *People v Mergenthaler*, 13 AD3d at 985; *see generally Matter of Kelly v Bruhn*, 3 AD3d 783, 784 [2004], *appeal dismissed* 2 NY3d 793 [2004], *lv denied* 3 NY3d 698 [2004]; *Matter of Cheatom v Kreindler*, 173 AD2d 703, 703 [1991]; *Matter of Chang v Rotker*, 155 AD2d 49, 54-55 [1990]).[3] Nor are we persuaded that double jeopardy principles are implicated because the fundamental error here—failure to properly administer the oath to the jurors—could have been corrected before the trial commenced. Notwithstanding defense counsel's timely objection to the error, County Court (McGrath, J.) apparently proceeded on a mistaken impression that the oath had been properly administered (*see People v Hoffler*, 53 AD3d at 120). In the absence of evidence of intentional or egregious misconduct by the People (*see People v Adames*, 83 NY2d 89, 90-93 [1993]) or evidence that a defendant's fundamental right to a fair trial was otherwise irreparably harmed by the error such that it could not be cured by retrial (*see Matter of Randall v Rothwax*, 78 NY2d 494, 499 [1991], *cert denied* 503 US 972 [1992]), double jeopardy does not bar petitioner's retrial on the indictment.

Petitioner's argument that retrial is barred by virtue of what he characterizes as a second fundamental defect—this Court's failure to address petitioner's legal sufficiency and weight of the evidence claims on his direct appeal of the prior murder conviction—is also unavailing. Where, as here, a fundamental defect rendered the entire trial invalid, we discern no impediment to

---

**3.** In light of this determination, we need not reach petitioner's arguments regarding the constitutionality of CPL 40.30.

petitioner's retrial (*compare Burks v United States*, 437 US 1, 15 [1978]). Furthermore, inasmuch as petitioner had an adequate remedy at law[4] and is now seeking to collaterally attack our determination and obtain review of his claims regarding legal sufficiency and weight of the evidence, which were not previously addressed by this Court, a CPLR article 78 proceeding seeking prohibition is not an appropriate mechanism to raise such claims (*see Matter of Rush v Mordue*, 68 NY2d 348, 353 [1986]; *see also Matter of DiSimone v Adler*, 67 AD3d 677, 678-679 [2009], *appeal dismissed* 14 NY3d 764 [2010]; *Rafferty v Owens*, 82 AD2d at 585).

In view of the foregoing, we find that petitioner has not demonstrated that he has a clear legal right to prohibition (*see Matter of Baim v Eidens*, 279 AD2d at 789; *see also Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]). Petitioner's remaining contentions have been reviewed and are without merit.

Cardona, P.J., Lahtinen, Malone Jr. and Garry, JJ., concur. Adjudged that the petition is dismissed, without costs.

 ---

4. Petitioner could have moved in this Court to reargue our prior determination (*see* CPL 470.50; 22 NYCRR 800.14). Petitioner's assertion that he could not avail himself of such remedy because he was not aggrieved by our prior decision is belied by his commencement of the instant proceeding, in which he now argues that he was adversely affected, specifically by being subjected to retrial.