Paul T. D’Amaro, J.
Defense counsel has made a pretrial motion for an order directing the prosecution to supply him with the transcripts of statements made by several exculpatory (alibi) witnesses during an interrogation by the prosecution.
It is conceded by the prosecution that (1) it has such statements, (2) that the statements relate to an alibi; and (3) that the witnesses were produced by \the defendant’s prior counsel who attended the interrogation at which the statements were taken and (4) that it intends to impeach the witnesses whose statements are being withheld.
Defense counsel argues that his client will be materially prejudiced unless the statements are in his hand prior to trial. He cannot adequately prepare for trial relying on prior counsel’s recollection of each and every detail of the testimony given by defense witnesses at the interrogation in the District Attorney’s office many months ago.
The arguments against defendant’s application are that the disputed statements are exempt property pursuant to CPL 240.10 (subd. 3); and that although the rule of Brady v. Maryland (373 U. S. 83) requires the disclosure of exculpatory evidence by the prosecution, the presence1 of prior defense counsel at the interrogation of exculpatory 'witnesses satisfies *669 the principle enunciated in Brady. The prosecution cites a number of decisions in furtherance of this position. (People v. Fein, 24 A D 2d 32, 40, affd. 18 N Y 2d 162; People v. Wright, 74 Misc 2d 419, 424; People v. Bennett, 75 Misc 2d 1040, 1054; Vergari v. Kendall, 76 Misc 2d 848, 853; People v. Hvizd, 70 Misc 2d 654.)
I find these decisions do not apply to the instant situation. Defense counsel has not made a sweeping request for all statements of prospective witnesses nor does he seek to rummage through the prosecution’s files on a fishing expedition. The disputed statements are not reports, memoranda, work papers or internal documents which are excluded from discovery. They are specific exculpatory statements falling directly within the Brady rule.
There remains to be determined the narrower question of whether the defense counsel’s knowledge of the name, address and substance of testimony of the exculpatory witness satisfies Brady, or is the production of the physical verbatim statement subject to pretrial discovery?
The trend of the courts in this State has been to amplify and extend the procedure for discovery with the view that the administration of justice is best served by full disclosure. Long before Brady, the New York Court of Appeals held in People v. Sehainuck (286 N. Y. 161) that a transcript of inconsistent pretrial statements of prosecution witnesses must be produced for defense counsel’s scrutiny in order to elicit by cross-examination a complete picture to the jury for the purpose of determining witnesses’ credibility. (See, also, People ex rel. Lemon v. Supreme Ct. of State of N. Y., 245 N. Y. 24, 33, 34.)
The most recent example of the trend toward full disclosure is the Legislature’s enactment of an amendment to the GPL which broadens the existing law concerning alibi witnesses. CPL 250.20, effective February 12, 1974 mandates the prosecution’s production of the names of the witnesses it will use to impeach defendant’s alibi.
It seems clear that both the courts and the Legislature are establishing as their first priority the search for truth and subordinating to that priority the tactical advantages which flow from concealment of the facts. (People v. Bottom, 76 Misc 2d 525.) To permit the prosecution to withhold statements of witnesses produced by defense counsel for interrogation would be unfair and run counter to the principle enunciated in Brady that ‘ ‘ Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration *670 of justice suffers when any accused is treated unfairly. ’ ’ (Brady v. Maryland, 373 U. S. 83, 87.)
Motion granted. The People are directed to deliver forthwith the verbatim statements of all of the witnesses produced by defense counsel.