Memorandum. On the facts of this case we cannot say that the Trial Judge abused his discretion by accepting the partial verdict and discharging the jury when he did. (GPL 310.60, subd 1, par [a]; see, also,
 
 United States v Perez,
 
 9 Wheat [22 US] 579, 580;
 
 Illinois v Somerville,
 
 410 US 458.) The jury reported the deadlock on the attempted murder count after deliberating for over five hours and, in response to the court’s inquiry, the foreman stated that the situation would remain unchanged if deliberations were continued for another day. When the court indicated its intention to accept a partial verdict and discharge the jury, neither side objected. The decision then was left to the court’s discretion, and the court did not abuse it. Thus the double jeopardy clause poses no bar to retrial on the unresolved charge
 
 (United States v Perez, supra).
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Judgment affirmed, without costs, in a memorandum.