OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed. *875 There is no merit to petitioner’s contention that retrial would violate double jeopardy principles and, thus, the application for an order prohibiting retrial was properly denied.
At the first trial petitioner and James Alonzo were tried together. Throughout the trial petitioner’s attorney repeatedly, but unsuccessfully, moved for a mistrial on various grounds. While the jury was deliberating Alonzo’s attorney also moved for a mistrial. The court then asked petitioner’s attorney if he joined in the motion to which the attorney responded "I stand on the record as it presently exists, Your Honor.” When repeatedly asked by the court to explain his response and inform the court as to whether he joined in the motion or did not, the petitioner’s attorney would only say that he had stated his position whereupon he was held in contempt. The court then questioned the prosecutor who stated that he had no objection to the motion for a mistrial and the motion was granted. Finally, after the court ordered that the jury be discharged, petitioner’s attorney objected to what had been done.
Thus before the mistrial was declared petitioner had not expressly objected and the court could reasonably have concluded that his attorney was willing to see the trial aborted since he stated that he stood on the record which was replete with his own requests for a mistrial. Under the circumstances it cannot be said that, in granting the motion, the court abused its discretion as a matter of law (Matter of Wiley v Couzens, 38 NY2d 731).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Judgment affirmed, without costs.