OPINION OF THE COURT
E. Leo Milonas, J.
On October 5, 1977, one James Pack allegedly negotiated to sell a quantity of heroin to undercover officer Calvin Holmes. After obtaining the money from Officer Holmes, he led the policeman to an alley where defendant herein, Kenneth Gross, was present. Defendant, upon instructions from Pack, reached into a hole in the wall and removed two glassine envelopes from a brown paper bag, which he handed to Officer Holmes. Shortly thereafter, defendant was placed under arrest and the remaining contents of the wall space were retrieved. Pack, who had already left the scene, was not taken into custody *618 until some days later. This, at least, is the People’s version of the facts.
Defendant, along with James Pack, was indicted on October 21, 1977, under an acting in concert theory, for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and seventh degrees. Additionally, defendant alone and in a separate accusatory instrument, was charged with criminal possession of a controlled substance in the fifth and seventh degrees in connection with the stash taken from the wall.
The first case — that is, the one also involving Pack — eventually came to trial, and both defendants were acquitted by the jury. The District Attorney, however, intends to continue with prosecution of the second indictment. Accordingly, defendant now moves to dismiss on the ground that any further proceedings in the matter are barred by CPL 40.20 and the Fifth Amendment of the United States Constitution as being in violation of his right against double jeopardy. It is defendant’s contention that the People are, moreover, collaterally estopped from relitigating issues already determined in the previous trial.
Regardless of whether or not collateral estoppel is applicable to the instant situation, which is not at all as clear as defendant asserts, dismissal of the indictment is, nevertheless, required under any reasonable interpretation of the statutory and constitutional prohibitions against putting an individual twice into jeopardy for the same crime.
As the Court of Appeals has declared in People v Abbamonte (43 NY2d 74, 81, 82), absent the specific exceptions in CPL 40.20 (subd 2), "no matter the number of statutory offenses technically violated, or the number of jurisdictions involved, an accused is not to suffer repeated prosecution for the same general conduct.” The initial inquiry, held the court, is whether a later prosecution and the prior one derive from the "same act or criminal transaction” as defined by CPL 40.10 (subd 2).
Here, both indictments are certainly comprised of conduct which is "(a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture.” (CPL 40.10, subd [2].) An examination of the court file reveals that the People have consistently *619 regarded what happened on October 5, 1977 as one criminal transaction. For example, in the voluntary disclosure form supplied by the District Attorney for the earlier indictment, she listed the following as seized items which the People intended to utilize at trial or present to the Grand Jury: "2 Glassines heroin sold to u/c: 16 Glassine Envelopes of cocaine & 29 Glass. Envs. seized from Gross.” Attached to that same voluntary disclosure form were two laboratory reports, the second of them dealing with the controlled substances which are the subject of the present indictment.
The question then becomes whether any of the enumerated exceptions in CPL 40.20 (subd 2) are applicable here. In this respect, only three of the six need be considered. The relevant subdivisions state that: "A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless: (a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other; or (b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil; or (c) One of such offenses consists of criminal possession of contraband matter and the other offense is one involving the use of such contraband matter, other than a sale thereof’.
Paragraph (c) of subdivision 2 apparently mandates that a charge of criminal possession must be tried with a sale arising from the same transaction. Since the controlled substances at issue in the second indictment were not sold to the undercover officer, this provision does not, in the view of the court, apply in the instant case. Paragraphs (a) and (b) of subdivision 2 are, however, on point. According to the District Attorney, the elements of the offenses found in the subsequent accusatory instrument are separate and distinct from those in the prior one. The court disagrees. The first indictment dealt with sale and possession; the current indictment relates to possession. The elements are certainly not different. The defendant has already been acquitted of sale and possession of a controlled substance. Now he is again charged with possession of more controlled substances, all deriving from the same stash. Thus, having already, in effect, been exonerated of possessing a proscribed drug, he confronts a proceeding directed at another part of that same contraband, one involving substantially the *620 same evidence presented by witnesses whose testimony a jury had presumably previously rejected. The defendant is, therefore, being prosecuted twice for offenses arising out of a single criminal transaction under circumstances not permitted by CPL 40.20 (subd 2).
The People contend that their action is necessary because the two indictments could not have been consolidated in that only defendant Gross was chargeable with possession of the substances not furnished to the police officer. While it is arguable whether Pack might, under the doctrine of acting in concert, have been liable for possession of the remainder of the stash, the prosecution always had the option of indicting the defendants separately or the District Attorney might have requested a severance and, thereby, tried Gross for all the charges against him. Having chosen to proceed in the manner in which they did, the People are now precluded by CPL 40.20 and the Fifth Amendment of the United States Constitution from going any further. (See, also Ashe v Swenson, 397 US 436.) Consequently, the motion to dismiss is granted.