■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX DIAZ, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered July 24, 1987, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant was indicted for promoting prison contraband in the first degree and attempted assault in the second degree for an incident on March 4, 1987 when he was an inmate at Elmira Correctional Facility in Chemung County and ran after another inmate with a board. The latter charge was dismissed at the close of the prosecution's proof, but defendant was convicted of the former charge and sentenced to 2½ to 5 years in prison. This appeal followed.

There is no merit to defendant's contention that he was denied his right to effective assistance of counsel. Defendant's assigned counsel employed appropriate procedural devices and further participated meaningfully in the defense by his opening statement, cross-examination, charge requests, summation, trial motions and sentencing arguments. Indeed, defense counsel's motion to dismiss the attempted assault charge was granted, as was a motion to have defendant appear before the Grand Jury. Under such circumstances, we hold that defendant was provided effective assistance of counsel (see, People v Baldi, 54 NY2d 137). It is noteworthy that following defendant's initial objections to his assigned counsel, he indicated, albeit through the attorney, that he was satisfied with counsel and not seeking any substitution.

Defendant also argues that County Court erred in failing to charge justification as a defense. Promoting prison contraband

in the first degree does not involve the use of physical force *(see,* Penal Law § 205.25 [2]), so justification under Penal Law § 35.15 (1) is no defense to that crime *(see, People v Pons,* 68 NY2d 264, 267). Likewise, the justification provided by Penal Law § 35.05 (2) was not available to defendant, who admitted that he could have retreated from his alleged attacker. Under such circumstances, defendant's use of the board was not "necessary as an emergency measure to avoid an imminent * * * injury" (Penal Law § 35.05 [2]) and County Court made no error in this regard.

Finally, we reject defendant's contention that he was denied a fair trial because the prosecutor failed to disclose the contents of an interview with a prospective defense witness, conducted after the prosecution rested, which affected defendant's decision whether to call that witness. There was no duty to disclose the material, which did not relate to a prosecution witness *(see,* CPL 240.45, 240.60) and was not, as defense counsel admitted, exculpatory *(see, Brady v Maryland,* 373 US 83). In the absence of a duty to disclose, there could be no fair trial infringement as claimed by defendant.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.