■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TIMMONS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Connor,

J.), rendered September 26, 1975, convicting him of robbery in the first degree and reckless endangerment in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We find that the record supports the hearing court's determination that the photographic identification procedures utilized by the police were not unduly suggestive (see, *People v Johnson*, 141 AD2d 848; *People v Garcia*, 115 AD2d 617, *lv denied* 67 NY2d 883). In addition, we note that the hearing court properly concluded that the complainant had an independent basis for making an in-court identification of the defendant based upon the evidence adduced (see, *People v Ballott*, 20 NY2d 600; *People v Whitaker*, 126 AD2d 688, *lv denied* 69 NY2d 1011).

The trial court did not err by permitting three police officers who had not testified at the *Wade* hearing to make in-court identifications of the defendant. There is nothing in the record to suggest that the officers' identifications of the defendant were the product of pretrial identification procedures. Such identifications were based upon their own personal observations of the defendant at the time of the robbery and their subsequent pursuit (cf., *People v Rubio*, 118 AD2d 879).

No foundation was laid, nor was a bench conference called, prior to the prosecutor's questioning of the defendant's alibi witness with respect to her failure to provide law enforcement authorities with exculpatory information prior to trial (see, *People v Dawson*, 50 NY2d 311, 322-323). However, under the circumstances of this case, the defendant was not prejudiced by the prosecutor's inquiry. Defense counsel had not requested such safeguards nor did he object to the court's alibi instruction. In any event, the door to this line of questioning was opened by defense counsel on his direct examination of the alibi witness.

We have examined the defendant's remaining contentions and find that they do not require reversal (see, *People v Crimmins*, 36 NY2d 230). Thompson, J. P., Bracken, Kunzeman and Spatt, JJ., concur.