■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD RANDOLPH, Appellant.—Appeal by the defendant from a judgment of Supreme Court, Suffolk County (McInerney, J.), rendered October 22, 1987, convicting him of criminal possession of a controlled substance in the fourth degree and criminal possession of controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Preliminarily, we note that the evidence adduced at the suppression hearing sufficiently established the existence of probable cause to arrest the defendant *(see, People v McRay,* 51 NY2d 594; *People v Thomas,* 143 AD2d 696; *People v Wheeler,* 140 AD2d 731). An experienced narcotics officer testified that, in an area which is known for its high incidence of narcotics trafficking, he observed the defendant exchange several small clear plastic bags for a sum of United States currency. This officer, together with his partner, thereafter followed the defendant into a nearby establishment, known as the "Blue Room". Several patrons alerted the defendant to the fact that the police had arrived upon the scene, and the defendant was observed by both officers throwing a small plastic bag toward the bar area. The officer subsequently retrieved the bag, and discovered that it contained what he believed to be cocaine. The retrieval of the plastic bag discarded by the defendant, which appeared to contain cocaine, provided the necessary probable cause to arrest him *(see, People v Cordero,* 140 AD2d 367; *People v Greaves,* 123 AD2d 445).

Contrary to the defendant's contentions, the trial court did not err in permitting testimony regarding money which was discovered on the defendant's person at the time of his arrest. In this respect, we note that no objection to this testimony was made until after closing arguments, and after the jury was instructed. Thus, any issue of law with respect to this claim is not properly preserved for our review. In any event, in light of the fact that the defendant was charged with criminal possession of a controlled substance in the third degree, which encompasses an intent to sell, this testimony was properly admitted as it is relevant to the crime charged *(see, People v Jones,* 138 AD2d 405; *People v Ramirez,* 125 AD2d 343; *cf., People v Morales,* 133 AD2d 90; *People v Brown,* 71 AD2d 918).

The portion of the prosecutor's summation to which the defendant assigns error, while improper, does not warrant reversal *(see, People v Corley,* 140 AD2d 536). In this regard, we note that the jury was well informed of the applicable principles of law, and was given a curative instruction immediately after the comment was made.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond

a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Finally, we find that the sentence the defendant received was not unduly harsh or excessive (see, People v Suitte, 90 AD2d 80). Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.