■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAMARR BOWEN, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered July 13, 1989, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree.

Defendant appeals his conviction of one count each of second degree criminal sale and third degree criminal possession of cocaine. On November 26, 1988, defendant engaged in a sale of cocaine, inside his motel room in Sullivan County, with an informant who had been outfitted with a police radio transmitter. The police eventually entered the premises and arrested defendant. A subsequent plain view search of defendant's room yielded a scale, four plastic bags of cocaine and $600 in cash. A search warrant later allowed the police to confiscate cut squares of aluminum foil, a plastic bag of baking soda, a razor blade and rolling papers, all of which were hidden within a cassette radio found inside defendant's motel room.

Defendant initially argues that County Court improperly allowed testimony that defendant possessed $1,135 in cash at the time of his arrest. We disagree. Defendant was charged not only with criminal sale of a controlled substance but also with third degree criminal possession, which encompasses an intent to sell (see, People v Randolph, 157 AD2d 866, 867, lv

*denied* 75 NY2d 923). Therefore, because the charges involved criminal possession with intent to sell and not simply an isolated drug sale, the testimony was properly admitted as relevant to the crime charged *(see, supra; People v Wells,* 144 AD2d 400, *lv denied* 73 NY2d 861).

We similarly reject defendant's argument that County Court improperly allowed cross-examination revealing that defendant was in possession of $7,000 in cash two days before his arrest. The prosecutor's line of questioning was directed at defendant's failure to report this self-proclaimed savings to local welfare authorities. Such impeachment testimony was admissible on the issue of defendant's credibility as it demonstrated defendant's willingness to place his own interests above those of society *(see, People v Rivera,* 160 AD2d 1098, 1099, *lv denied* 76 NY2d 795). Defendant's remaining arguments regarding the introduction of alleged prior criminal activity or lack of jury instruction thereon have not been properly preserved for our review *(see, People v Wilson,* 100 AD2d 690; *see also, People v Williams,* 50 NY2d 996, 998). We also find no reason herein to disturb defendant's conviction in the interest of justice, given the evidence in the record of defendant's guilt.

Next, we reject defendant's contention that the prosecution relied entirely on circumstantial evidence to prove his guilt and, therefore, that County Court erred in failing to charge the jury on circumstantial evidence *(see, e.g., People v Carter,* 155 AD2d 276, *lv denied* 75 NY2d 811). The People introduced direct evidence of defendant's guilt, including quantities of cocaine and a tape recording of the sale. Where there is some direct evidence, instruction on circumstantial evidence is not necessary *(see, People v Ruiz,* 52 NY2d 929; *People v Walstatter,* 73 AD2d 175, 176, *affd* 53 NY2d 871; 1 CJI[NY] 9.05, at 477).

We have examined defendant's remaining arguments, including his contention that he was denied effective assistance of counsel, and find them either meritless or unpreserved for our review.

Judgment affirmed. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.