■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEANDRE FREEMAN, Also Known as DOOBIE FREEMAN, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered October 5, 1990, convicting defendant upon his pleas of guilty of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and resisting arrest.

As part of an ongoing undercover police investigation into drug trafficking in the City of Schenectady, Schenectady County, at about 7:55 P.M. on May 15, 1989 State Police Investigator Willie Parker, accompanied by undercover Investigator Lennie Daniels and a confidential informant, drove to Paige Street where the informant introduced Parker to a black male, approximately 5 feet 9 inches tall with short hair that had lines shaved through it, who responded to his street name "Doobie". Parker stood 2 to 3 feet from Doobie for 5 to 7 minutes and negotiated the purchase of one sixteenth of an ounce of cocaine for $80. Doobie went inside the house and returned with the drug. After some "small talk" about future purchases, Parker, Daniels and the informant left. About 15 minutes later, while the three men were parked in a lot near 332 Summit Avenue where they consummated a purchase from another drug seller, they observed Doobie walking to the house at that address at which the informant stated Doobie resided. The next day Parker asked Sergeant Joe Pollock of the Schenectady City Police if he was familiar with a person called Doobie who resided at 332 Summit Avenue. When Pollock said that he was, Parker requested a photograph and anything else Pollock had on that individual. A day or two later, Parker was given a picture attached to an arrest record and immediately confirmed that it was Doobie, the person from whom he had purchased the drugs two days earlier. That person was defendant herein.

As the investigation was about to conclude in September 1989 with the issuance of warrants for the arrest of several individuals, Parker assembled photographs and files of the different persons, including defendant, who were to be arrested. While reviewing defendant's file in preparation for the trial, Parker again saw defendant's photograph. After a jury

had been impaneled, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.* Defendant received concurrent prison sentences of 4 to 12 years for these two convictions.

On this appeal, defendant first contends that County Court erred in denying suppression of Parker's identification testimony following a *Wade* hearing and in holding that notice under CPL 710.30 was unnecessary. The court held that the identification made by Parker on two instances when he looked at photographs was confirmatory in nature, consistent with seasoned police investigative techniques, and that CPL 710.30 notice to defendant of the intention to offer identification testimony was not required. The court further held that Parker had a sufficient independent basis for an in-court identification. We agree.

"It is firmly established * * * that unduly suggestive pretrial identification procedures violate due process and therefore are not admissible to determine the guilt or innocence of an accused" *(People v Chipp,* 75 NY2d 327, 335, *cert denied* — US —, 111 S Ct 99 [citations omitted]). We reject the argument that Parker's identification of defendant as "Doobie" was made only after Pollock told him who Doobie was and showed Parker defendant's picture. Parker knew that Doobie was the seller and described him to Pollock, complete with Doobie's home address. The facts here are strikingly similar to those in the lodestar case of *Manson v Brathwaite* (432 US 98) and *People v Kearn* (118 AD2d 871), where the photographic viewing by undercover police officers shortly after drug transactions were held to be merely confirmatory in nature *(see also, People v Morales,* 37 NY2d 262). As in *Manson, Kearn* and *People v Morales (supra),* Parker was not an ordinary eyewitness to a crime; rather, his experience, training and expertise in recognized police investigative techniques lessened the possibility of suggestiveness which might have tainted his subsequent identification *(see, People v Kearn, supra,* at 873).

We also find that County Court neither erred nor abused its discretion in holding that Parker had an adequate basis upon which to make an in-court identification. In *Manson,* the United States Supreme Court memorialized the criteria for

---

* Although not at issue on this appeal, defendant also pleaded guilty to resisting arrest in full satisfaction of a different indictment and was sentenced to a concurrent one year-term.

admissibility of identification testimony when the identification is made from a single photograph rather than from an array. Reliability is the linchpin in determining the admissibility of such evidence. The factors to be considered *(see, Neil v Biggers,* 409 US 188, 199-200) include "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation" *(Manson v Brathwaite,* 432 US 98, 114, *supra).* Parker had been face to face with defendant twice in daylight, standing but 2 to 3 feet from him and engaging in conversation. Parker's participation was planned and he was trained and experienced to observe defendant carefully for the explicit purpose of later identification *(see, People v Wharton,* 74 NY2d 921, 922-923). The record fully supports the determination to admit the in-court identification testimony by Parker *(see, People v Smith,* 175 AD2d 271).

Defendant's remaining arguments do not require extended discussion. Defendant contends that his conviction for criminal possession of a controlled substance in the third degree should be dismissed in the interest of justice because possession of the same cocaine formed the basis of the sale count *(see, People v Velasquez,* 153 AD2d 810, *lv denied* 75 NY2d 819) and, despite being noninclusory concurrent counts *(see, People v Perez,* 139 AD2d 460, *affd* 74 NY2d 637; *People v Harrison,* 136 AD2d 469, *lv denied* 71 NY2d 897), it results in duplicative punishment for charges arising in the same criminal transaction. In *People v Bowen* (172 AD2d 876), however, this court upheld convictions on both the sale and possession counts as has the Fourth Department, which held the counts to be separate crimes *(see, People v Thomas,* 174 AD2d 994). We find no reason to depart from our prior position.

Finally, we find neither an abuse of discretion by County Court in sentencing nor extraordinary circumstances requiring reduction of the sentences, which were less than the harshest permitted.

Mahoney, P. J., Casey and Crew III, JJ., concur. Ordered that the judgment is affirmed.