■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY E. DEAN, Appellant.—Yesawich Jr., J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered February 5, 1990, upon a verdict convicting defendant of three counts of the crime of criminal possession of a forged instrument in the second degree.

In January 1989, on four different occasions at four different bank locations in Albany County, defendant allegedly made split deposits to accounts which were not hers. She assertedly deposited part of forged checks drawn on the Albany Savings Bank account of Terry Pollard, without his consent or knowl-

edge, and then took the remainder back in cash. Defendant was indicted on four counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25).

The jury unanimously acquitted defendant of the first count of the indictment. As to the remaining three counts, all but one of the jurors announced that defendant was guilty. Following the jury's report of its verdict, County Court, noting that the jury had deliberated only one hour and 40 minutes, gave a supplemental charge and instructed the jury to continue its deliberations. Fifty minutes later, defendant was unanimously found guilty of the remaining three counts. Sentenced as a second felony offender, defendant received three consecutive prison terms of 3 to 6 years.

We affirm. There is no merit, even if it had been preserved for review, to defendant's contention that County Court's *Sandoval* ruling was erroneous. Nor was the in-court identification of defendant improper because of either the manner in which the prosecutor elicited the identifications or because of the fact that the People's eyewitnesses were not called to testify at the *Wade* hearing. Inasmuch as defendant failed to counter the showing made by the People at the suppression hearing, through the testimony of the police officers who presented the photo arrays to the eyewitnesses, that the pretrial photo identification was appropriate, the People were not required to produce the eyewitnesses at that stage for purposes of establishing an independent basis for identification *(see, People v Hemingway,* 152 AD2d 818, 819, *lv denied* 74 NY2d 810). Furthermore, by virtue of their testimony regarding their observations of defendant during the transactions at issue, these witnesses (bank employees to whom defendant had presented the forged checks) each had an independent basis for making an in-court identification *(see, People v Timmons,* 149 AD2d 746, 747, *lv denied* 74 NY2d 748). Furthermore, there is no substance to defendant's argument that County Court's charge on the issue of identification (misidentification was the thrust of the defense) was inadequate.

Unavailing also is defendant's claim that County Court should have declared a mistrial when initial polling of the jury produced a negative declaration by one of the jurors. Resumption of deliberations was dictated for there is no indication that ultimate agreement as to the unresolved offenses was an unreasonable possibility *(see,* CPL 310.70 [1] [b] [i]; 310.80). Moreover, the court's supplemental charge, given before directing the jurors to continue deliberating, taken as a

whole was properly balanced, uncoercive and rightly stated that an individual juror has the prerogative, "if he believes he is right and he is unconvinced by the arguments or reasoning of others, to stand by his opinion" *(see, People v Pagan,* 45 NY2d 725, 727; *People v Erickson,* 156 AD2d 760, 763, *lv denied* 75 NY2d 966; *cf., People v Ali,* 65 AD2d 513, 514, *affd* 47 NY2d 920).

The People's proof that defendant had knowledge that the instruments she cashed were forged *(see,* Penal Law § 170.25) is more than sufficient to sustain the conviction. Although "[t]he mere negotiation or utterance of a forged instrument cannot, of itself, establish a presumption that defendant had knowledge of the forged nature of the instrument", it is also true that "[g]uilty knowledge of forgery may be shown circumstantially by conduct and events" *(People v Johnson,* 65 NY2d 556, 561). Here, the jury was properly instructed regarding the use of circumstantial evidence, and its finding of knowledge on defendant's part was supported by the following facts. On three separate occasions defendant posed as someone other than herself when presenting for deposit and payment to three different bank tellers checks from the same series and account made out to persons other than herself, along with their standard bank deposit slips; she hurriedly left one bank when told by an assistant manager that the check she was attempting to cash might be stolen; she was in possession of the forged instruments at the start of each of the transactions at issue without the knowledge or consent of the owner of the account; and the owner of the account neither wrote nor signed the checks at issue, nor consented to defendant doing so *(cf., People v Miller,* 144 AD2d 94, 98).

Lastly, we are satisfied that defendant received meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147). Defense counsel's opening statement, witness cross-examination, direct examination of defendant and summation all point to a reasonable and deliberate strategy aimed at proving that defendant was mistakenly identified *(see, People v Satterfield,* 66 NY2d 796, 799-800). The partial effectiveness of defense counsel's strategy is attested to by the fact that defendant was found innocent of one of the four counts filed against her *(cf., People v Droz,* 39 NY2d 457, 462-463).

Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur. Ordered that the judgment is affirmed.