■ The People of the State of New York, Respondent, v John Staccio, Appellant.—Appeal from a judgment of the

County Court of Ulster County (Vogt, J.), rendered November 13, 1990, upon a verdict convicting defendant of two counts of the crime of robbery in the second degree.

Defendant contends on appeal that procedures used to identify him were unduly suggestive and require reversal. We disagree. Our examination of the photographic array reveals that there was a sufficient degree of resemblance among the participants to avoid undue suggestiveness *(see, People v Butts,* 154 AD2d 729, *lv denied* 75 NY2d 867). The fact that the victim had previously tentatively identified defendant in a more extensive mug shot album does not per se invalidate the identification procedures *(see, People v Cordilione,* 159 AD2d 864, *lv denied* 76 NY2d 786). Here, the fact that different photographs of defendant were used in the two procedures and that defendant was the only person identified in both procedures convince us that the photographic array was not unduly suggestive *(see, supra; People v Malphurs,* 111 AD2d 266, *lv denied* 66 NY2d 616). Finally, even were we to find the photographic identification suggestive, given that County Court correctly found an independent basis for the victim's in-court identification of defendant based upon the victim's close-range observation of defendant during the commission of the crime, we find that any such error was harmless *(see, People v Adams,* 53 NY2d 241).

Mikoll, J. P., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.