■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WALKER, Appellant. [600 NYS2d 750] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered July 12, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to establish a prima facie case that the prosecutor's peremptory challenges were employed for a discriminating purpose because "minorities" in general do not

constitute a cognizable racial group *(see, People v Smith,* 81 NY2d 875; *People v Childress,* 81 NY2d 263; *Batson v Kentucky,* 476 US 79).

The defendant's contentions as to the admissibility of the vials of cocaine which an undercover officer purchased from him and which were found on him pursuant to a search are either unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit, as the circumstances provided reasonable assurances that the evidence sought to be admitted was the same as was used in the crime and that it was unchanged in form *(see, People v Julian,* 41 NY2d 340; *People v Donovan,* 141 AD2d 835, 836).

Finally, the defendant's remaining contentions regarding the prosecutor's remarks on summation are either unpreserved for appellate review *(see, People v Medina,* 53 NY2d 951, 953), or deal with fair comment on the evidence *(see, People v Ashwal,* 39 NY2d 105), fair response to the defense counsel's summation *(see, People v Colon,* 122 AD2d 150), or harmless error in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230). Sullivan, J. P., Balletta, Ritter and Santucci, JJ., concur.