■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD H. JACKSON, Also Known as B., Appellant. [607 NYS2d 147] —Yesawich Jr., J. Appeal from a judgment of the County

Court of Sullivan County (Kane, J.), rendered February 24, 1992, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On November 8, 1992 Louis Roman, an undercover investigator with the State Police, purchased three vials of cocaine from a person identified as B. while at the Evergreen Apartments in the Village of Monticello, Sullivan County. After completing the transaction, which had been recorded by means of a transmitter, Roman and his partner, Jeffrey Cabrara, returned to the "staging area" of the investigation, where they met with their backup team, to whom they described B. as being a black male, approximately 5 feet 10 inches or 5 feet 11 inches tall, with a medium build and a mustache, and wearing black corduroy pants with brown pockets. Village of Monticello Detective Thomas O'Connor, a member of the backup team who knew defendant from prior contact, and knew that the transaction had taken place outside of defendant's apartment, then drove by the scene, where he saw defendant dressed in the manner described by Roman. He obtained a photograph of defendant from the station house and returned to the staging area, where Roman acknowledged that the person in the photograph was indeed B..

Defendant was not arrested until a week later, at which time Roman again identified him, in a station house showup, as B. County Court granted defendant's motion for a *Wade* hearing and ultimately determined that the showup would be suppressed as unnecessarily suggestive, that the photo identification was merely confirmatory and that an in-court identification would be permitted. After a jury trial at which Roman identified defendant as the person from whom he had purchased the cocaine, and during which tape-recorded evidence of the transaction was admitted over defendant's objection, defendant was convicted of criminal sale of a controlled substance in the third degree. He was sentenced as a second felony offender to an indeterminate term of incarceration of 6½ to 13 years. Defendant appeals.

We reject defendant's contention that the photo identification was impermissibly suggestive and not confirmatory in nature, and that therefore County Court erred in allowing an in-court identification. The procedure followed here was virtually identical to that utilized in *People v Freeman* (176 AD2d 1090). Roman's detailed description of B. was consistent with defendant's appearance and the photo identification itself was made less than 40 minutes after the face-to-face transaction.

The fact that O'Connor returned immediately to the scene substantially reduced the possibility that he, and thus Roman, identified the wrong person (see, People v Roberts, 79 NY2d 964, 966). In all, we find no reason to disturb County Court's findings regarding the admissibility of the People's in-court identification evidence.

Defendant also denigrates the sufficiency of the notice furnished by the People pursuant to CPL 710.30; this claim is unavailing, however, for defendant moved for a suppression hearing—which was held and resulted in a ruling of admissibility—prior to lodging any complaint about the sufficiency of the CPL 710.30 notice, and in so doing he waived his right to contest that notice (see, CPL 710.30 [3]; People v Cobian, 185 AD2d 452, 453, lv denied 81 NY2d 838).

Similarly unconvincing are defendant's several objections regarding the audiotape evidence admitted at trial. Foremost among these is that the tape should not have been admitted because a portion of it had been erased after the trial commenced. County Court found that the erasure had occurred accidentally and without bad faith; nothing in the record induces us to reach a different conclusion. Roman and Cabrara testified that the tape accurately and fairly represented the drug transaction as it took place, thus laying a proper foundation for its admission (see, People v Ely, 68 NY2d 520, 527). We find no reason to disturb County Court's conclusion, arrived at after conducting a hearing into the circumstances surrounding the erasure, that the integrity of the portion of the tape actually offered by the People, the portion which contained the narcotics transaction, had not been compromised. It is also worth noting that in response to his assertion that the erased portion of the tape contained evidence which he intended to use to impeach the People's witness, defendant was permitted to use a copy of the tape which contained the very portion which had been erased from the original—and which was found by the court to be an accurate copy, a ruling which we cannot address, as we have not been provided with the tapes themselves—if necessary for cross-examination, an offer defendant disdained.

We have considered defendant's other contentions, including his suggestion that the People deliberately or in bad faith prevented him from listening to the original tape prior to the trial, and find them meritless.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.