■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONAH A. STURGIS, Appellant. [609 NYS2d 393] —Mikoll, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered December 15, 1992, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant argues on appeal that County Court erred by denying his motion to suppress the in-court identification testimony of State Trooper Duane McIver after a Wade hear-

ing *(see, United States v Wade,* 388 US 218). The record reveals that defendant sold cocaine to McIver on two occasions, March 26, 1992 and April 8, 1992, outside of a tavern in the City of Elmira, Chemung County. Thereafter, defendant, while in custody for questioning on an unrelated homicide, was identified by McIver as the person who sold him the narcotics. The identification occurred on June 22, 1992 outside the Elmira Police Station where defendant, along with another male and two females, was in custody. McIver made the identification, unobserved, while in a van with dark tinted windows. County Court held that there was no suggestiveness inherent in the identification of June 22, 1992 and that, in any event, ample independent source existed for McIver's in-court identification of defendant.

Although the June 22, 1992 identification was conducted in a manner condemned in *People v Riley* (70 NY2d 523), McIver, having met with defendant on four or five separate occasions, had a sufficient independent source for his in-court identification *(see, supra,* at 531-532; *People v Dean,* 177 AD2d 792, *lv denied* 79 NY2d 855). County Court thus properly denied defendant's request to suppress McIver's identification testimony.

Defendant next challenges the exclusion of the public from the courtroom during McIver's testimony on request of the People. After an in camera hearing, County Court concluded that there were compelling reasons for closure, namely, McIver's fear for his personal safety, the need for his protection and the avoidance of compromising other outstanding cases. The record discloses that County Court complied with the procedural requirement of a closure order and did not abuse its discretion *(see, e.g., People v Miller,* 190 AD2d 609, *lv denied* 81 NY2d 974). To no avail is defendant's contention that McIver previously testified in open court at pretrial hearings, thus obviating the need for closure. The People had also submitted a closure request at the pretrial hearing but, because no one attended the hearings, County Court did not act on the request.

Defendant challenges County Court's denial of his request to ascertain the identity of the informant who accompanied McIver during the drug buys. Defendant urges that disclosure was necessary pursuant to *People v Goggins* (34 NY2d 163, *cert denied* 419 US 1012) to avoid the possibility of misidentification and that the informant could play a decisive role in resolving the identification. After an in camera examination of McIver and the informant, the request was denied. The

record indicates that the informant's role in the drug transaction was not significant enough to warrant disclosure. He was not present at the actual drug sale (see, People v Jefferson, 181 AD2d 1007, lv denied 80 NY2d 833). Additionally, defendant had been identified by several of the People's witnesses as the seller so that proof of his identity was overwhelming. No critical issue of identification existed. We conclude that County Court did not abuse its discretion in its decision. We note, in passing, that the examination of the informant, conducted by County Court without the presence of defense counsel, should be avoided (see, People v Goggins, supra, at 168).

Finally, defendant requests a modification of his sentence as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [b]) so that the prison terms imposed run concurrently rather than consecutively. Defendant was 19 years old at the time of the crimes, had no prior criminal involvement, and the two charged sales involved only $20 worth of cocaine and occurred relatively close in time. In view thereof we hereby modify the sentence imposed by making the two prison terms run concurrently with one another.

Cardona, P. J., Crew III, Casey and Weiss, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by deleting from the sentence imposed on the conviction of two counts of the crime of criminal sale of a controlled substance in the third degree the provision that they should be served consecutively and substituting therefor the provision that they shall run concurrently, and, as so modified, affirmed.