■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. BROOKS, Appellant. [621 NYS2d 701] —Peters, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered December 11, 1992, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

Pursuant to an undercover investigation in the City of

Elmira, Chemung County, the Community Narcotics Enforcement Team (hereinafter CNET) received tips from confidential informants that defendant was selling narcotics at an identified apartment. On April 20, 1992, Elmira Police Captain Michael Ross, who was a CNET member and had numerous prior contacts with defendant, showed State Police Investigator Gregory Watkins, who was working with CNET, a photo of defendant. After studying defendant's photo for several minutes, Watkins and one of the informants proceeded to the apartment where Watkins purchased narcotics from defendant. Watkins testified that he entered a dimly lit hallway and followed defendant into a dimly lit kitchen where he stood one to two feet away from defendant for four to five minutes, looking at defendant's face during the entire time. After the transaction, Watkins left the apartment and entered Ross' nearby surveillance vehicle, where Watkins again viewed defendant's photo. Watkins identified defendant as the individual from whom he had just purchased drugs. Approximately one-half hour later, Watkins returned to the apartment alone and again purchased drugs from defendant. This time Watkins viewed defendant from a distance of 12 to 15 feet for three to four minutes from the top of a well lit stairway. During the second transaction, defendant's niece, Tammy Diaz, negotiated the price and defendant produced the narcotics.

Defendant was subsequently indicted on two counts of criminal sale of a controlled substance in the third degree and moved to suppress Watkins' identification testimony. Following a *Wade* hearing, County Court denied the motion. Defendant was thereafter convicted and sentenced as a second felony offender to indeterminate terms of 7½ to 15 years' imprisonment on each count, to run consecutively. Defendant appeals.

The first issue on review is the denial of defendant's motion to suppress the identification testimony. After our review of the record, we reject defendant's contention that the photo identification was impermissibly suggestive, finding it instead confirmatory in nature *(see, People v Jackson,* 200 AD2d 856, *lv denied* 83 NY2d 872; *People v Freeman,* 176 AD2d 1090). Although a viewing of defendant's photo prior to the commission of a crime and the subsequent viewing of the photo prior to an arrest "raises the same issues as would be raised in a case where the identification is made after the arrest takes place" *(People v Waring,* 183 AD2d 271, 274), we are mindful that Watkins had six years of experience in making under-

cover narcotic purchases and was trained as a narcotics officer *(see, People v Cinatus,* 200 AD2d 754, *lv denied* 83 NY2d 850; *People v Freeman, supra,* at 1091). We find Watkins' viewing of defendant's photo to be in close spacial and temporal proximity to his viewing of defendant and therefore find the identification procedure not unduly suggestive *(see, e.g., People v Polanco,* 80 NY2d 1012; *People v Jackson, supra; People v Freeman, supra; cf., People v Rowan,* 199 AD2d 546, *lv denied* 83 NY2d 810).

Even if we were to find the photo identification unduly suggestive, such error would be harmless *(see, People v Adams,* 53 NY2d 241; *People v Staccio,* 187 AD2d 755) since County Court correctly determined that there was an independent basis for the in-court identification *(see, People v Sturgis,* 202 AD2d 808, 809, *lv denied* 84 NY2d 833; *People v Freeman, supra,* at 1092; *People v Rowan, supra,* at 547; *People v Ware,* 173 AD2d 903, 904). Watkins had the opportunity to observe defendant at close range for four to five minutes and then return within one-half hour to view defendant from a distance of 12 to 15 feet for three to four minutes in a well lit area.

We further reject defendant's contention that he was denied a fair trial because the People failed to provide a written statement that Lynette Brooks, defendant's niece and alibi witness, had made to the People's investigator since the statement was not exculpatory, warranting its disclosure as *Brady* material *(Brady v Maryland,* 373 US 83; *see, People v Diaz,* 145 AD2d 833, *lv denied* 73 NY2d 1014; *cf., People v Guzman,* 79 Misc 2d 668). Moreover, the statement was not a statement of a prosecution witness, but a statement of a potential defense witness *(see,* CPL 240.45; *People v Diaz, supra).*

Also without merit is defendant's contention that County Court erred in permitting the People's investigator to testify in rebuttal to Brooks' testimony. While it is clear that a party may not call a witness to contradict another witness's testimony concerning collateral matters solely for the purpose of impeaching the testimony of the witness *(see, People v Pavao,* 59 NY2d 282), "where the issue to which the evidence relates is material in the sense that it is relevant to the very issues that the jury must decide" *(People v Knight,* 80 NY2d 845, 847), such rebuttal witness will be permitted. Here, the rebuttal testimony directly impacted on Brooks' testimony concerning defendant's whereabouts and the discrepancies noted between her testimony and the statement given to the police investigator. In finding that such rebuttal testimony was used

to challenge the validity of the alibi, County Court correctly allowed such testimony *(see, People v Cade,* 73 NY2d 904; *People v Vasquez,* 189 AD2d 578, *mod* 83 NY2d 269).

We further reject defendant's contention concerning the People's failure to establish a chain of custody for the narcotics since such issue has not been properly preserved for our review *(see,* CPL 470.05 [2]; *People v Walker,* 196 AD2d 516, *lv denied* 82 NY2d 932) and similarly reject defendant's contention that the photo viewed by Watkins was impermissibly introduced into evidence. Any objection regarding such photograph had been waived by defendant since defense counsel elicited the subject while cross-examining Watkins *(see, People v Ortiz,* 148 AD2d 642, *lv denied* 74 NY2d 667).

The challenge concerning the weight and sufficiency of the evidence is equally unavailing. Watkins' testimony and the confidential informant's testimony, coupled with the testimony of defendant's niece, Diaz, who was present and had negotiated the price for the second purchase, was sufficient to establish defendant's guilt on all charges *(see,* Penal Law § 220.39 [1]; *People v Bey,* 179 AD2d 905, *lv denied* 79 NY2d 918, 1046; *see generally, People v Bleakley,* 69 NY2d 490).

As to defendant's argument that County Court abused its discretion by sentencing him to consecutive terms of imprisonment because the two transactions occurred in a relatively short period of time during a single police operation, we find it clear that the instant facts may not be categorized as a "single act or omission" which would have required concurrent sentences *(see,* Penal Law § 70.25 [2]). Moreover, the sentences imposed by County Court are within statutory guidelines. Due to defendant's lengthy criminal history, we find no extraordinary circumstances warranting a modification of the sentence in the interest of justice *(see,* CPL 470.15 [6] [b]; *cf., People v Sturgis,* 202 AD2d 808, *supra).*

We have considered defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be without merit.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.