■ In the Matter of TRAVIS BAIM, Petitioner, v MICHAEL EIDENS, as Schenectady County Court Judge, et al., Respondents. [718 NYS2d 718] —Carpinello, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondents from trying petitioner in the County Court of Schenectady County on an indictment charging him with criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

Petitioner was charged in a three-count indictment with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree stemming from events on January 19, 1999. That day, Robert Costello, a confidential informant for the Schenectady Police Department wired with a transmitting device, went to the home of Matthew Carter with $200 in buy money to purchase drugs. An individual by the name of David Callahan, who was at the house that day also in search of drugs, contacted petitioner, who arrived shortly thereafter. Although Costello's written statement to police indicates that he purchased cocaine from *petitioner* that day, his testimony at the trial that ensued was not so revealing.

According to this testimony, when petitioner first arrived at the house at the request of Callahan, the conversation pertaining to the drug transaction was between these two men. Petitioner retrieved three plastic baggies of cocaine from a Walkman and gave the one containing the largest amount of cocaine (estimated by Costello to be an "eight ball") to *Callahan* in exchange for a piece of jewelry. This cocaine was then cut and a portion of it was then placed by *Callahan* in another plastic baggy and handed to Costello. Costello testified that he placed a $20 bill on the table where the cocaine was being cut and that he "believed" that this money went to petitioner "towards the money that [Callahan] owed him." But Costello clearly testified that the drugs he received were "taken out of [Callahan's] portion" and that the money placed on the table was picked up by *Callahan* who, in turn, handed it to petitioner. Petitioner took the stand in his own defense; he admitted that he was at the house that day but denied that he ever possessed

or sold any drugs.[1]

It is undisputed that County Court charged the jury that in order to find petitioner guilty of criminal sale of a controlled substance in the third degree, it had to find that he knowingly sold drugs to *Costello*.[2] The charge concerning the two possession offenses, on the other hand, only required the jury to find that petitioner knowingly possessed drugs with an *intent to* sell to *anyone* (criminal possession of a controlled substance in the third degree) and that petitioner knowingly possessed drugs (criminal possession of a controlled substance in the seventh degree). The jury acquitted petitioner of the sale offense but was unable to reach an agreement on either possession offense. County Court apparently accepted a partial verdict.[3] Petitioner commenced this CPLR article 78 proceeding in the nature of prohibition seeking to prohibit a retrial of the

1.   Carter testified on direct examination that petitioner sold cocaine to Costello and that he did not "believe" that Callahan purchased any drugs that day, although he attempted to do so in exchange for a piece of jewelry. On cross-examination, however, Carter admitted that in a written statement to police he indicated that he "thought" Callahan had indeed purchased drugs that day.

2.   The charge recites: "I point out and stress that [petitioner] is accused of second [sic] degree selling a narcotic drug, cocaine, to * * * Costello. He is not accused and has not been charged with the sale of narcotic drugs to * * * Callahan or to anyone else for that matter. In order for you to find [petitioner] guilty of Count 1, you must find [he] sold cocaine to * * * Costello as I defined that crime, criminal sale of a controlled substance in the third degree to you. If you were to find that someone else sold to * * * Costello or to anyone else for that matter but that [petitioner] did not sell to * * * Costello, then you must find [petitioner] not guilty of Count 1."

3.   The record before this Court includes only a portion of the record in the underlying jury trial which resulted in the acquittal on the sale charge and a mistrial on the possession charges. Notably absent from the record, for example, is a transcript of the parties' summations, any charge conference between the court and attorneys, the circumstances surrounding the jury's deadlock (including any objections by defense counsel to release the jury or to the taking of a partial verdict) and the court's ultimate decision to accept the partial verdict. Thus, this Court cannot consider whether petitioner may have either requested a mistrial on the possession charges or consented to its declaration, either of which would bar any challenge to a retrial on double jeopardy grounds (*see, People v Ferguson*, 67 NY2d 383, 387-388; *Matter of Wiley v Couzens*, 38 NY2d 731). We also note that no claim has been made in this proceeding that County Court abused its discretion in declaring a mistrial on the possession offenses because of a deadlocked jury (*compare, Matter of Martin v Hynes*, 259 AD2d 547; *Matter of Robles v Bamberger*, 219 AD2d 243, *appeal dismissed* 88 NY2d 962, *lv denied* 88 NY2d 809; *People v Sparacino*, 150 AD2d 814, *lv denied* 74 NY2d 747; *Matter of Leisenring v Castellino*, 120 AD2d 837, 838, *lv denied* 68 NY2d 608; *see also, Matter of Owen v Stroebel*, 65 NY2d 658, *cert denied sub nom. Matter of Owen v Judge*

possession offenses on the ground that any retrial would violate constitutional and statutory principles of double jeopardy. He also claims that a retrial is barred by collateral estoppel.

Petitioner has failed to demonstrate a clear right to the extraordinary remedy of prohibition (*see, Matter of Matthews v Nicandri*, 252 AD2d 657, 658, *appeal dismissed* 92 NY2d 945). The crux of petitioner's argument is that, because the sale and possession offenses are based upon the same criminal transaction, CPL 40.20 (2) mandates that he cannot be prosecuted for the possession offenses having been acquitted of the sale offense. Petitioner's reliance on CPL 40.20 (2) misses the mark. The People complied with CPL 40.20 (2) when petitioner was indicted in a *single* accusatory instrument and tried in *one* prosecution for the sale and possession offenses based on the January 19, 1999 events (*see, Matter of Green v County Ct.*, 61 AD2d 1098, 1100 [Kane, J., concurring], *appeal dismissed* 47 NY2d 881, 950; *see also*, CPL 40.20 [2] [b], [c]; *People v Quamina*, 236 AD2d 426; *compare, People v Hilts*, 224 AD2d 824, *lv denied* 88 NY2d 937; *People v Gross*, 100 Misc 2d 617).

Moreover, CPL 310.70 expressly authorizes a retrial following a partial verdict on any offense upon which the jury could not agree, provided, however, that any guilty verdict in that retrial would not be inconsistent with the verdict rendered in the first trial (*see*, CPL 310.70 [2] [a]; *see also, Matter of Plummer v Rothwax*, 63 NY2d 243, 249-252, *supra*; *People v Quamina, supra*). We are unpersuaded that a conviction on either possession offense at a retrial would be inconsistent with petitioner's acquittal on the sale offense (*see generally, People v Stovall*, 273 AD2d 915, *lv denied* 95 NY2d 908; *People v Freeman*, 176 AD2d 1090, *overruled on other grounds in People v Fulton*, 223 AD2d 932; *People v Campbell*, 175 AD2d 612, *lv denied* 78 NY2d 1074; *People v White*, 172 AD2d 790).[4] In light of the evidence developed at trial and the charge given to the jury, we are unable to agree with petitioner's claim that the jury *must* have determined that he "had not possessed the cocaine recovered from [Costello]" because it acquitted him of the sale offense. Therefore, a retrial would not produce inconsistent verdicts.

Nor has petitioner met his heavy burden of showing that the

---

*of County Ct., Schenectady County, N. Y.*, 474 US 994; *Matter of Plummer v Rothwax*, 63 NY2d 243; *Matter of Wiley v Couzens, supra*).

4.   Contrary to petitioner's contentions, this Court has held that the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree are "separate crimes" (*see, People v Freeman, supra; but see, People v Gaul*, 63 AD2d 563, *lv denied* 45 NY2d 780).

jury's verdict in the first trial (i.e., its acquittal of the sale offense) *"necessarily* decided a particular factual issue" to be decided in any retrial (*People v Acevedo*, 69 NY2d 478, 487; *see, People v Goodman*, 69 NY2d 32, 40). Our examination of the limited record of the jury trial, as attached to the petition, reveals that the jury could have grounded its decision to acquit on the sale offense on "an issue other than that which [petitioner] seeks to foreclose from consideration" (*People v Goodman, supra*, at 40) (i.e., his possession of drugs). Such a decision, we note, would indeed be "consistent with the instructions given by [County Court]" (*United States v Mespoulede*, 597 F2d 329, 333, n 7). The jury could have rationally determined that petitioner did not sell the subject drugs to *Costello*, finding that any drugs received by Costello came from Callahan. This scenario, given the charge from County Court, could not support a verdict of guilty on the sale offense. This determination, however, does not necessarily warrant a concomitant finding that petitioner did not *possess* drugs that day either with or without an intent to sell to anyone. Thus, collateral estoppel does not bar a retrial of the possession offenses.

Mercure, J. P., Peters, Mugglin and Rose, JJ., concur. Adjudged that the petition is dismissed, without costs.