■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CRESPO, Appellant. [734 NYS2d 316] —Peters, J. Appeal from a judgment of the County Court of Sullivan County (La-Buda, J.), rendered December 9, 1999, which revoked defendant's probation and imposed a sentence of imprisonment.

In satisfaction of a three-count indictment, defendant entered a plea of guilty of the reduced charge of criminal possession of a controlled substance in the fourth degree and, in February 1999, County Court sentenced him to six months in jail, with credit for time served, and a five-year period of probation. Less than three months later, defendant was arrested in New York City on a drug sale charge and, in June 1999, he entered a plea of guilty of attempted criminal sale of a controlled substance in the third degree, on which a prison sentence of 3 to 6 years was imposed. The plea also apparently encompassed another drug sale charge that had been pending since May 1998 and predated defendant's initial arrest in Sullivan County. Defendant received a concurrent prison term of 1 to 3 years on that earlier charge. Based on the conviction arising out of conduct committed while on probation, defendant was found guilty of violating the terms of his probation. County Court revoked defendant's probation and sentenced him to the maximum possible prison term of 5 to 15 years to run consecutively to the sentences imposed upon the other convictions. Defendant appeals, claiming that the sentence is harsh and excessive.

In light of defendant's three drug-related convictions for conduct committed over a period of less than one year, with the most recent drug sale occurring less than three months after County Court had placed him on probation, a lengthy sentence was warranted and we see no abuse of discretion in County Court's imposition of the maximum possible term of 5 to 15 years. While imposition of the maximum prison term can be justified by the record, the added effect of consecutive

sentencing strikes us as excessive. Defendant does not have an extensive criminal record over a lengthy period and there is no evidence that his involvement in the drug-related activity was anything other than recent and short term. Nor does the record reveal anything in the nature of the crimes that would warrant the added effect of consecutive sentencing. There is no indication of violence or the presence of weapons and there is nothing to suggest that defendant's involvement in the sale of drugs was anything other than the lowest level.* Based upon the record, we conclude that the consecutive nature of the sentence is unduly severe and, therefore, the judgment should be modified (see, People v Sheppard, 273 AD2d 498, 500, lv denied 95 NY2d 908; People v Sturgis, 202 AD2d 808, 810, lv denied 84 NY2d 833).

Cardona, P. J., Mercure, Crew III and Spain, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that the prison sentence imposed on defendant be served concurrently with any sentence previously imposed by any other court rather than consecutively, and, as so modified, affirmed.

---

* Although the Sullivan County indictment satisfied by his plea included a count of criminal possession of a controlled substance in the first degree, the People candidly admitted at the original sentencing that dismissal of that count was required because of the lack of proof that defendant had any knowledge of the weight of the drugs found in the vehicle in which he was riding.